## MONTGOMERY v. BERRETT.

No. 2250. Decided February 2, 1912 (121 Pac. 569).

1. SPECIFIC PERFORMANCE—PAROL CONTRACTS—EVIDENCE—SUFFICIENCY. Plaintiff seeking the specific performance of a parol contract must establish the terms thereof with a greater degree of certainty than is required in an action at law, and he must show a clear, mutual understanding and a positive assent of both parties to the terms of the contract.[1] (Page 387.)

---

[1] Price v. Lloyd, 31 Utah, 86, 86 P. 767.

40 Utah—25

2. APPEAL AND ERROR—FINDINGS—CONCLUSIVENESS. Where, in a suit for the specific performance, plaintiff positively testified to the contract, and defendant positively denied entering into any contract, and there were circumstances supporting both parties, the court, on appeal, will not disturb the refusal of the trial court to grant relief on the ground of a failure to sufficiently establish the contract. (Page 388.)

APPEAL from District Court, Second District; *Hon. J. A. Howell*, Judge.

Action by Nathaniel Montgomery against Richard T. Berrett.

Judgment of dismissal. Plaintiff appeals.

AFFIRMED.

*Richards & Boyd* for appellant.

*A. G. Horn* for respondent.

FRICK, C. J.

Appellant brought this action in equity to require the respondent to specifically perform an alleged parol contract, whereby, it is alleged, appellant and respondent had agreed to exchange a certain quantity of water used for irrigation purposes on their lands. Part performance, with other equities, is relied on. Respondent denied the making of the contract, and, as affirmative defenses, pleaded both the statute of frauds and the statute of limitations, both of which are, however, immaterial.

Upon a trial of the issues, the court, among other facts, found as follows:

"That the proofs in the case are not clear or satisfactory, or sufficient to warrant the court to order a specific performance of the said alleged contract; and the court finds, for that reason, that no contract to trade was ever entered into between said plaintiff and said defendant."

Upon practically the foregoing finding, the court found, as a conclusion of law, that the appellant "is not entitled to any relief," and that the respondent is entitled to a judgment upon the merits that the action be dismissed. A judgment dismissing the action was accordingly entered, from which this appeal is prosecuted.

We do not deem it necessary to set forth, either in substance or otherwise, the other findings of fact made by the court. If the finding that the terms of the alleged contract were, by the evidence produced upon that question, left so uncertain and unsatisfactory as not to authorize a court of equity to decree specific performance of them, and if the evidence did not warrant a finding that a contract was entered into for a permanent exchange of the water, or if either one of said facts is sustained by the evidence, or if such facts, or either of them, should be found not to exist because of the lack of evidence to establish them, the judgment should stand.

It is now well settled that, where a party seeks specific performance of a parol contract in equity, he must establish the terms thereof with a greater degree of certainty than would be required to establish the same contract in an action at law. (Pomeroy on Conts. (2d Ed.), section 159.) Referring to this question, the Supreme Court of California, in a recent case, entitled *German Svgs. & Loan Soc. v. McLellan*, 154 Cal. at page 716, 99 Pac. at page 196, states the rule in the following language:

"There can be no contract, unless the minds of the parties have met and mutually agreed. Equity requires as a condition of specific performance a clear, mutual understanding and a positive assent of both sides as to the terms of the contract."

In 36 Cyc. 543, in speaking of the essentials of a contract which is enforceable in an action for specific performance, it is said:

"In general, the contract must have the essentials of a contract valid and binding at law, in order to be enforceable in equity. It must be a completed contract; there must have been a clear, mutual understanding and a positive assent on both sides as to the terms of the contract. It must be sufficient, definite, and certain. . . ."

Practically the same rule is laid down by Mr. Justice Straup in *Price v. Lloyd,* 31 Utah, 86, 86 Pac. 767.

In determining whether the terms of an alleged parol contract which it is sought to have specifically performed have been established or not, the courts ordinarily are governed by the foregoing rules. The only question for us to determine therefore is, Did the court depart from those rules in denying specific performance of the alleged contract?

We cannot set forth the evidence. If we undertook to set forth any, we would have to repeat about all that was produced by both parties upon the questions of whether a contract was entered into, and, if so, what its terms and conditions were. For obvious reasons, it could subserve no good purpose in this case to pursue such a course. It must therefore suffice to say that we have carefully examined the evidence, and have considered the claims and arguments of appellant's counsel with respect to what is established by the evidence, and, after doing so, we are not satisfied that the court's findings and conclusions are wrong. It is true that appellant, as a witness, positively stated that he and respondent did enter into an agreement, whereby they agreed to make a permanent exchange of the water which they had theretofore exchanged for merely temporary purposes; but respondent, under oath, just as positively denies that they ever entered into such an agreement, or that it was ever completed or consummated by them. The circumstances surrounding the facts testified to by both parties in some respects support the statements of one, and in other respects they favor the statements of the other. Under such circumstances, the reasons why we should interfere with the findings of the trial court are clearly to be made to appear. The evidence being in conflict, the trial court, after having personally heard and seen the witnesses, has found that the terms of the contract were not established with that degree of certainty and satisfaction which authorizes a specific performance against one who denied, not only the terms, but the very existence, of the contract itself. Had the court,

under such circumstances, decreed specific performance, a different question might arise, so far as we are concerned. The court, however, having placed his findings and judgment upon safe ground, we should not, except for very good reasons, disturb them. No such reasons are made to appear.

The judgment is affirmed, with costs.

McCARTY and STRAUP, JJ., concur.