## REECE ET AL. *v.* KNOTT.

[JANUARY TERM, 1861.]

DEFECTS IN THE PLEADINGS AND ERRORS IN THE RULINGS of the trial court will not be considered, where the appellant has failed to make objections and take exceptions below.

A JUDGMENT WHICH IS NOT SUPPORTED BY THE RECORD of the court below will be reversed, though such objection be made for the first time in the appellate court.

THE TERM "TRIAL BY JURY" AS USED IN ARTICLE 7 OF THE AMENDMENTS to the constitution of the United States, providing that "the right of trial by jury shall be preserved," was used with reference to its signification at the common law, which was a jury of twelve men, householders.

THE TERRITORIAL LEGISLATURE HAS NO POWER TO PRESCRIBE QUALIFICATIONS for jurors other and different than such as existed at common law.

THE ACT OF JANUARY 21, 1859, IN SO FAR AS IT ATTEMPTS TO PRESCRIBE A QUALIFICATION of a juror that he shall be a tax-payer, is in violation of the constitution of the United States, and void.

A PROMISSORY NOTE GOOD AS BETWEEN THE MAKER AND PAYEE is good in the hands of one to whom it has been assigned, and the maker will not be permitted to defeat a recovery by the assignee, by showing equities between them not existing between the maker and payee.

WITHOUT THE AUTHORITY OF A STATUTE, it is error for a judgment to direct that the judgment bear interest.

WRIT of error to the second district, Carson county. The action was begun by defendant in error upon promissory notes, executed by plaintiffs in error, and transferred to him after maturity by the payees. The complaint, among other things, alleged: " The amount now due from said defendants upon said promissory notes amounts in the aggregate, principal and interest, to the sum of seventeen thousand five hundred and forty dollars, which said sum of seventeen thousand five hundred and forty dollars said defendants promised to pay to plaintiff. * * * Wherefore plaintiff brings this action, and prays that he may have judgment against said defendants for his said debt of seventeen thousand five hundred and forty dollars, and damages." Plaintiff had judgment on verdict for twenty thousand and forty-five dollars and thirty-three cents, and interest at five per cent. The notes sued upon bore interest at five per cent per month after maturity, but with no provisions for interest after judgment.

*J. H. Ralston,* for the plaintiff in error.

*Broadhead & De Wolf,* for the defendant in error.

CROSBY, J.:

This was an action of debt commenced in the district court of the second judicial district upon certain promissory notes, amounting in the aggregate to the sum of two thousand six hundred dollars, with interest at five per cent per month from October 1854, till paid, and praying judgment at the time suit was brought for the sum alleged due of seventeen thousand five hundred and forty dollars.

The defendants in answer deny the indebtedness, but admit that the notes were executed by a member of their firm, not on partnership account, but that they were executed by the said member of their firm and given to the several payees thereof for and on account of cattle bought by the said Barnard of the said several payees, on his own account and for his own individual benefit; and that the said firm, namely, Reece & Co., signed thereto was without their knowledge and

consent, and against the express protest made by one of their firm, the defendant Kinsey, acting for himself and the other members of said firm, J. and E. Reece, both to the said payees of said notes and the said Barnard; and the said plaintiff to whom these several notes were afterwards conveyed had full notice and knowledge of the fraud thus perpetrated previous or at the time of purchase of said notes.

Judgment was entered by default against the parties not appearing, Enoch Reece, Louis Barnard, and Stephen A. Kinsey, and also on trial against John Reece for the sum of twenty thousand and forty-five dollars and thirty-three cents.

The case was removed to this court by writ of error. The exceptions taken below were: 1. The incompetence of a juror, on the ground of not being a tax-payer as required by law; 2. The court erred in declining to give the jury the instructions asked for by defendant's counsel.

In the application by the defendant to bring the case to the supreme court, five seperate and distinct points of error were assigned. Yet it appears from the record of the proceedings of the court below that there were but two exceptions taken by the defendant.

Whilst all that is necessary to bring a case from an inferior to a superior court, in the absence of any statutory provisions prescribing the forms and rules of procedure, is simply to file the record (the errors may be assigned in the court above), still these errors must agree with the exceptions taken below, or else be patent on the record; nor is it the duty of this court to inquire into and inspect the records of the court below, and decide wherein the pleadings are defective and wherein the court erred in its rulings and opinions, when the law has provided all the means and remedies by which a party can take advantage of such defects and errors in the judgment of the court, or otherwise, at the proper time: 1 Morr. 441. If they are not so taken, they are considered waived. The only points, therefore, so far as exceptions are to be considered, are the two thus made. The first exception is as to the qualification of one Kinney to serve as a juror. He was challenged by the defendant below, on the ground that he was incompetent, not being a tax-payer, and on his *voir dire* answered as follows: 1. That he did not own taxable property within

the territory of Utah that he was aware of, as he did not know what legally constituted taxable property; that he owned a watch, a mining claim, and a tent; 2. That he did not pay taxes within the territory of Utah; that he had never been called upon so to do; whereupon the defendants by their counsel challenged said Kinney.

The court overruled the objection, and allowed the juror to be sworn and sit in the case. The statute prescribing the qualifications of jurors is relied upon in support of the objection as to the competency or eligibility of Kinney as a juror. It is true, the statute prohibits any person from acting as a juror unless he is a tax-payer, but the question arises whether this statute is not in conflict with the constitution of the United States, which provides, article 7, amendments: "The right of trial by jury shall be preserved."

When the framers of the constitution used the word "jury," they used it with reference to its signification at common law, which was a jury of twelve men and householders. Then has the legislature the right under this constitutional provision to restrict or impair the right of trial by jury, by prescribing any terms different from those that constitute a legal jury at common law? If they have a right to say he shall pay taxes before being eligible, have they not the same right to say that he shall possess any amount of property which they may deem proper, and thus virtually have the effect to exclude many good citizens from a seat in the jury-box?

Where are we to draw the line if the power to prescribe a property qualification be conceded? Suppose the legislature should say that before a man was eligible he should be worth ten thousand dollars—and certainly they have a right to exempt from taxation all property under this amount: would it not operate, in a country where most of the people are poor, to the entire exclusion of the right of trial by jury? And no matter however oppressive this must seem, yet if you concede to the legislature the power in the one case, you must grant it in the other.

Whenever this question has been raised, it has been decided, we believe, by our highest courts that the legislature has not the right to affix any terms other than those prescribed at common law for the qualification of jurors.

The question has often come up where the legislature allowed a less number than twelve men to act as a jury, and where a majority verdict was allowed, and where the defendant in a criminal case was compelled to pay a certain jury-fee before the trial; and in every instance the courts have condemned and set aside such legislation, as an infringement upon the clause of the constitution which preserves inviolate the trial by jury.

The defendants' counsel in the court below asked the court to instruct the jury that if they find the plaintiff Knott had notice, or knew before he took the notes sued upon, that they were given by the defendant Barnard on his private account, and for cattle purchased for himself, and not for the firm, then the plaintiff can not recover in this action against the defendant John Reece, and they must find for the defendants.

The court refused to so charge the jury, but substituted the following : " That if the evidence establishes the fact that the defendant Barnard bought the cattle for which the notes were given on his private account, and not for or upon the credit of the firm, but for himself, of which the vendors were advised or had knowledge at the time of the sale, in such cases the plaintiff can not recover."

The substance of the instructions as given were that if these notes were good in the hands of the original payees, James and Jones, they were good also in the hands of Knott, the assignee; whereas those asked for by the counsel for the defendants below would have raised an equity between the makers and the assignee of these notes which did not exist between the makers and payees: Story on Prom. Notes, secs. 72, 178.

In both of these exceptions the court must therefore sustain the rulings of the court below; but there is, however, one error patent on the record which is fatal in its nature to the regularity of the proceedings.

The judgment is not in accordance with the complaint That was an action for debt, and the court could have rendered no other judgment upon this complaint but for the original face of the notes and the interest accruing thereon as damages; but in place of this, the court has rendered judgment as in *assumpsit* for the debt and damages combined,

and has gone on still further in error, and rendered judgment of interest upon the judgment. The contract becomes merged in the judgment, and in the absence of a statute authorizing a judgment to draw interest, it was manifest error in the court awarding it.

The judgment of the court below is reversed and the cause remanded.

KINNEY, C. J., concurred.