## HARRY W. WILSON v. ROXIE AVERY WILSON.

### *Divorce—Death of party—Appeal.*

1. Where no relief is sought not dependent on divorce, there can be no decree after death has separated the parties. *Zoellner v. Zoellner,* 46 Mich. 511.

2. An appeal lies from every decree in chancery which purports to be *final,* and its illegality is a conclusive reason why it should be reversed.

So *held,* where a decree of divorce was granted to a complainant after his death, with alimony to the defendant, which was reversed on appeal.

Appeal from Branch. (Loveridge, J.) Argued January 25, 1889. Decided February 1, 1889.

Bill for divorce. Defendant appeals. Reversed as unlawfully rendered. The facts are stated in the opinion.

*Frank A. Lyon,* for complainant.

*Milo D. Campbell* and *Clayton C. Johnson,* for defendant.

CAMPBELL, J. In this case complainant filed a bill for

divorce against defendant on the alleged ground of desertion. She filed an answer, denying any such cause of complaint, and made counter-charges, asking a divorce on her own behalf for his cruelty. The cause was submitted for decision, but complainant died before it was decided. The circuit court of Branch county nevertheless made a decree, and directed it to relate back to a period before his death; thereby granting a divorce in favor of complainant, and at the same time giving alimony to defendant. She appeals.

The bill and answer below were simple divorce proceedings, aimed at no relief not dependent on divorce. In such a case there can be no decree after death has separated the parties. The doctrine of relation does not apply in such a case. There must be living parties, or there can be no relationship to be divorced. *Zoellner v. Zoellner*, 46 Mich. 511 (9 N. W. Rep. 831). It follows that, as the parties were still husband and wife when the husband died, she has all the rights and conditions of any other widow. It is fallacious to claim that a decree apparently rendered during complainant's life, and therefore apparently valid, cannot be appealed from. An appeal lies from every decree in chancery which purports to be final, and its illegality is a conclusive reason why it should be reversed, as this decree must be.

We think no cause existed for the decree, even if it had been timely rendered, and we should be disposed to make defendant an allowance if it were not for the difficulty of providing in this Court, under all the circumstances, for such relief. But, as the widow's interest in her husband's estate entitles her to allowances in the probate court as well as otherwise, the hardship is somewhat lessened. We cannot, after her husband's death, consider her claim to divorce as an injured party, and

must satisfy ourselves with merely reversing the decree as unlawfully rendered.

CHAMPLIN, MORSE, and LONG, JJ., concurred. SHERWOOD, C. J., did not sit.