THURSA NICHOLS, AND ANOTHER, RESPONDENTS, *v.*
UNION PACIFIC RAILWAY COMPANY, APPEL-
LANT.

RAILROAD COMPANIES.—EJECTING PASSENGER.—STATUTE.—Under
   section 2354, 2 Comp. Laws 1888, which provides that any
   passenger who refuses to prepay his fare or toll on demand
   may be put off the cars at any stopping place the conductor
   or employés of the company may elect, the conductor must
   select a regular stopping place of the train.

DAMAGES FOR TORT.—INTEREST.—In an action for damages for a
   tort where the jury returns a verdict for so much damages
   and so much for interest thereon; *held*, that there is no
   authority for the ganting of interest in such a case.

APPEAL from a judgment of the district court of the
first district and from an order refusing a new trial.
The opinion states the facts.

*Messrs. Williams and Van Cott*, for the appellant.

*Messrs. Maloney and Perkins*, for the respondents.

BLACKBURN, J.:

This suit is brought to recover damages for ejecting
the plaintiff, Thursa Nichols, from defendant's cars while
riding as a passenger. She was riding from Hot Springs,
Utah, to Willard station. The facts developed at the
trial are substantially as follows: She had ridden in
defendant's cars from Salt Lake City to Hot Springs on
a ticket to Hot Springs. She continued on the train
beyond, and wanted to go to Willard station. The con-
ductor asked for her fare when the train had passed Hot
Springs about one and a half miles. She offered him

twenty-five cents, the regular fare from Hot Springs to Willard. He refused to accept it, and said it was fifty cents when paid on the train, and told her she must pay fifty cents or get off. That she did not do, and he stopped the train, and caused her to get off, and treated her very abruptly. The verdict of the jury was for $175, and $42 interest from October 10, 1890. The defendant made a motion for a new trial, which was overruled, and it appeals.

Many errors are assigned for reversal, but only two are insisted upon in the argument, and we do not deem it necessary to consider the others. They are: (1) The court erred in charging the jury that the appellant could only eject passengers at a station or stopping place for non-payment of fare. (2) The court erred in charging the jury that interest should be added to the damages at the rate of eight per cent. per annum.

The first of these contentions is untenable. The statute of the Territory is: "Any passenger who refuses to prepay his fare or toll on demand may be put off the cars at any stopping place the conductor or employé of the company may elect." 2 Comp. Laws, § 2354. If before that statute was passed the company had not the right to eject a passenger who refused to pay his fare on demand, it gave it the right, but limited its exercise to a stopping place. If it had the right, in that case the statute would be entirely meaningless, unless it is a limitation of the right to a stopping place. Before the passage of this statute, any common carrier had the right to refuse to carry passengers unless they paid their fare on demand, and to exclude from their vehicles of transportation any person who refused to pay. *Railroad Co.* v. *Rogers*, 28 Ind. 1. What, then, could this statute have been enacted for, unless it was to prevent railroad employés from ejecting passengers who refused to pay

their fare from the cars except at stopping places? Therefore we think the instruction complained of correctly states the law.

There is a statute of the State of Illinois as follows: "If any passenger shall refuse to pay his fare or toll, it shall be lawful for the conductor of the train and the servants of the corporation to put him out of the cars at any usual stopping place the conductor shall select." It will be seen by a comparison of these two statutes that they mean precisely the same thing. The Supreme Court of Illinois in *Railroad Co.* v. *Parks*, 18 Ill. 460, held that the meaning of the Illinois statute is that the employés of the railway company had no right to eject passengers from the cars for refusal to pay fare only at usual stopping places, and that court has adhered to that decision in many subsequent cases. We have no doubt that the true interpretation of the Utah statute is that the company has no right to eject a passenger from the cars for non-payment of fare, except at a stopping place.

The second contention is that the court erred in instructing the jury to add interest to damages from October 10th until the day of the trial. We know of no authority for adding interest to unliquidated damages in a case like this. We have been cited to none, and we are persuaded there is none. The jury found $42 interest in this case, which should be remitted from the judgment. The judgment is affirmed, less $42 interest. We think the respondent should pay the costs of this court.

ZANE, C. J., and ANDERSON, J., concurred.