## CLARK v. GEORGE, et al.

No. 7602.  Decided August 7, 1951.  (234 P. 2d 844.)

See 58 C. J., Specific Performance, sec. 556. "Transactions with decedent" rule as applicable to testimony concerning services to decedent. 57 Am. Jur., Witnesses, sec. 242; 125 A. L. R. 961.

*P. LeRoy Nelson, Arthur Woolley,* Ogden, for appellant.

*Wilson & Wilson,* Ogden, for respondents.

WOLFE, Chief Justice.

This is an action for specific performance of two alleged separate oral contracts to convey real property. Defendant Roy George is the surviving husband of Margaret Ann George, deceased. Ione George Clark, the plaintiff, is the daughter of the decedent and the defendant Roy George. E. Smith Murphy is the administrator of the estate of Margaret Ann George. In 1922, Roy George purchased a corner lot in Ogden, Utah, but record title was placed in his wife's name. Three buildings are situated on the premises: the "big house" which faces 31st Street, a small barber shop on the corner, and the "little house" which faces Jefferson Avenue.

Plaintiff's first cause of action seeks to enforce an alleged oral promise made by Mr. and/or Mrs. George to convey the little house to plaintiff and her husband. Plaintiff claims that in 1930 while she and her husband were residing in California, Roy George wrote a letter to them

in which he stated that Mrs. George was ill and incapable of taking care of herself; that if Ione would return home and take care of her mother and the household, the little house would be theirs. The letter was not produced. Plaintiff and her husband testified as to its contents and stated that it was signed, "your loving father and mother, Roy George." Further, plaintiff claims that after their return to Ogden in 1930 the offer was repeated to give them the little house in return for Ione's services; that they accepted the offer and moved into the little house and that Ione cared for her invalid mother until her death in 1938. After Mrs. George's death, the Clarks continued to live in the little house until 1944, and thereafter collected the rents until 1948 when the probate court named an administrator and ordered him to collect the rents.

Plaintiff's second cause of action is based upon an alleged oral promise made by defendant, Roy George, in November, 1938, six months after the death of Mrs. George, that if they, plaintiff and her husband, would save the property (meaning the entire real estate with improvements) by paying the back taxes and taking title from the county and permit him to have $1,200 rent money, he would assign and convey all his interest in the entire premises to them. Plaintiff's husband paid $919.96 accumulated back taxes in installments for the tax deed and thereafter paid additional current taxes upon the property amounting to $204.15. However, defendant testified that he reserved his right to redeem and the trial court found that the money paid as taxes by plaintiff and her husband was at all times intended by the parties as a loan to be repaid. The trial court further found

"that there is no competent sufficient evidence that there ever was any agreement between the plaintiff and her husband or either of them, on the one part, and Margaret Ann George during her lifetime that the said premises known as the 'little house' was to be transferred to the plaintiff."

The amount of rentals collected by the plaintiff and found to belong to the administrator was offset against the amount of taxes paid, plus the value of improvements made by plaintiff and her husband. Judgment was rendered in favor of the defendant administrator for the balance of $144.47.

Defendant argues that any cause of action based upon said purported agreement between plaintiff and her mother for the conveyance of the little house, is barred by our four year statute of limitations covering oral contracts, section 104-2-23, U. C. A. 1943. Mrs. George died in 1938; this action was commenced in July 1949. But defendant has overlooked section 104-2-38, U. C. A. 1943, which states in part:

"* * * If a person against whom an action may be brought dies before the expiration of the time limited for the commencement thereof and the cause of action survives, an action may be commenced against his representatives after the expiration of that time and within one year after the issue of letters testamentary or of administration."

E. Smith Murphy was named administrator of the estate of Margaret Ann George in 1948, but the exact date does not appear in the record. We are unable to find any statutory or case law in this jurisdiction to the effect that a long unreasonable delay in failing to have an administrator appointed bars the application of section 104-2-38, supra, which allows an additional year's time after issuance of letters of administration in which to bring the action. It is therefore assumed that this action was timely commenced.

The complaint alleges that the parents promised to convey the so-called little house to the plaintiff and her husband. At the trial, plaintiff attempted to show that the alleged promise to convey was ratified by, or concurrently agreed to, by Mrs. George, the record title owner. Both the plaintiff and her husband testified that

they had a conversation with the father and mother in which the father said:

"if we would move up to the little place and help take care of mother, he would give us the little place right out."

"Question. What did your mother say?"

Objection sustained.

Ione was a party plaintiff. She was properly prohibited from testifying as to conversations with the decedent in conformance with our so-called "dead man's statute," section 104-49-2(3), U. C. A. 1943, *Clark* v. *Clark*, 74 Utah 290, 279 P. 502. Plaintiff's husband, George Clark, was an alleged grantee to the contract to convey and was therefore a "person directly interested in the event thereof," section 104-49-2(3), and was also incompetent as a witness concerning conversations with the decedent.

The plaintiff called as witnesses, Mr. and Mrs. Elmo Brown. Mrs. Brown is a half sister of the plaintiff, a daughter of Margaret Ann George and a step-daughter of Roy George. They were both present at a conversation with Mr. and Mrs. George in the summer of 1930. The plaintiff and her husband were not there. The trial court permitted Mr. Brown to testify as to what Mrs. George said but sustained an objection to Mrs. Brown so testifying. Plaintiff's principal assignment of error relates to the trial court's ruling that Mrs. Brown was incompetent to testify as to conversations with the decedent under the dead man's statute, supra. As an heir, Mrs. Brown had an interest in the distribution of her mother's estate upon settlement of the pending probate proceedings. Shortly prior to the institution of this action, she executed a quit-claim deed to the plaintiff of her share in the estate of Margaret Ann George. Then for some unknown reason, she was included as a party plaintiff in the original petition to gain the little house filed against the administrator. This petition was dismissed and her name was not included in

the subsequent complaint with which we are here concerned. The dead man's statute, section 104-49-2(3), so far as applicable here reads as follows:

"The following persons cannot be witnesses:

"(3) A party to any civil action, suit or proceeding, and any person directly interested in the event thereof, *and any person from, through or under whom such party or interested person derives his interest or title* * * * [when the action is an attack upon the estate of a deceased person]." (Italics added.)

Apparently, the trial court thought that Mrs. Brown's interest in the estate of the deceased, and her assignment of that interest to the plaintiff brought her within the prohibition of the above-italicized part of the statute. But this action for specific performance of the oral promise to convey does not rest upon any assignment from Mrs. Brown. It is completely independent thereof. In *Maxfield* v. *Sainsbury,* 110 Utah 280, 172 P. 2d 122, we held that the disqualification as a witness applies only to those persons who have a direct interest in the particular action and not merely an interest in the estate. Mrs. Brown, as an heir, had no direct interest in the oral contract to convey, asserted by the plaintiff, and it was therefore error to exclude her testimony as to what the decedent said.

However, as this is an action seeking equitable relief, we have examined the entire record and have determined that the judgment should be affirmed—that the error is nonprejudicial. First, we note that no proffer of proof was made regarding what additional facts Mrs. ■ Brown's testimony would reveal. Yet Mr. Brown was present at the same conversation and no objection was raised to his testifying what Mrs. George said. The record states as follows:

Answer by Mr. Brown:

"Mr. and Mrs. George came out to our place there and Mr. George said, He was giving the little place to Ione and George [plaintiff's

husband] for coming there and living and helping take care of his wife.

"Question: Was Mrs. George present when that was said? Answer: Yes, she was present at our house that time.

"Question: And she heard what was said that time? Answer: She heard what was said."

Then counsel proceeded to question Mr. Brown about an entirely different matter! All that was intended to be shown was that Mrs. George was present and acquiesced in the terms of the alleged contract, proposed by her husband. This is also shown by the similar line of questioning concerning this matter that counsel employed when plaintiff and her husband were on the witness stand. Mrs. George was an invalid for the last eight years of her life and the questioning and answers of all the witnesses show that Mr. George was supposed to have stated all the terms of the alleged contract, and that the further questioning relating to Mrs. George's statements was intended only to prove that she agreed thereto; that the alleged promise was joined in by her, she being the record title owner. All the terms of this alleged contract are presented in the record.

This court has repeatedly insisted upon the necessity of definiteness in the provisions of oral contracts for the conveyance of land in consideration for care and attention by a member of the family of the promisor. *Price* v. *Lloyd,* 31 Utah 86, 86 P. 767, 8 L. R. A., N. S. 870; *Montgomery* v. *Berrett,* 40 Utah 385, 121 P. 569; *Van Natta* v. *Heywood,* 57 Utah 376, 195 P. 192; *Clark* v. *Clark,* 74 Utah 290, 279 P. 502, 504. In this case, the plaintiff's evidence is that the little house was to be theirs, whether by deed or by will or in what fashion or at what time is not mentioned. The defendant denies ever writing the letter to the plaintiff, offering to give them the little house and testified that he permitted them to move into it because they had no place to live. The little house and the big house both stand upon the same lot which is 50 by 110 feet square. No attempt to describe the real estate upon which

the little house stands was made until 1949, at which time the defendant Roy George objected, but a dividing line was surveyed according to Mr. Clark's directions. Taking these factors into consideration, we do not disagree with the trial court's findings:

"The court specifically finds that there never has at any time been any contract between the plaintiff and the defendants, *or either of them,* or with Margaret Ann George during her lifetime, for the conveyance of real estate hereinbefore described, or any part thereof, or any of the improvements thereon, and all the allegations of plaintiff's complaint to the effect that there were contracts for the conveyance of said property to be untrue because of the insufficiency of the evidence." (Italics added.)

The rule is stated in *Clark* v. *Clark,* supra, that

"The plaintiff, in declaring specific performance of an oral contract must establish the terms thereof with a greater degree of certainty than is required in an action at law, and he must show a clear mutual understanding and a positive agreement of both parties to the terms of the contract."

This, plaintiff has failed to do. The action of the trial court in excluding Mrs. Brown's testimony relating to what decedent said is not prejudicial error. It was only intended to show that Mrs. George agreed to the statements made by her husband. An action for specific performance to convey the decedent's real property cannot be based upon such equivocal and indefinite statements or promises.

There is competent evidence to sustain the trial court's finding that the money paid as taxes was only intended as a loan and not as consideration for a promise by Roy George that he would convey all his interest in the premises to plaintiff and her husband. The judgment has decreed repayment to plaintiff and her husband for the money expended by them, thus fulfilling defendant Roy George's option to redeem. The tax title is ordered to be delivered into court.

The judgment is affirmed. Costs are awarded to the respondent.

WADE, McDONOUGH and CROCKETT, JJ., concur.

HENRIOD, J., did not participate.