375 P.2d 28

Norman W. KETTNER, Administrator of the Estate of Elizabeth Herdman, deceased, and Howard Herdman, Plaintiffs,

v.

Hon. Marcellus K. SNOW, Judge; The District Court Of The Third Judicial District In And For Salt Lake County, State of Utah; Alvin Keddington, Clerk of the District Court of Salt Lake County; Leona A. Watkins and John Watkins, Defendants.

No. 9659.

Supreme Court of Utah.

Oct. 5, 1962.

Christensen & Jensen, Salt Lake City, for plaintiffs.

. G. Gordon Hoxsie, R. Verne McCullough, Salt Lake City, for defendants.

CROCKETT, Justice.

Plaintiffs (defendants below) seek to pro-. hibit the district court from further proceeding after it had granted a new trial based upon a motion not timely filed.[1]

The defendants Watkins (plaintiffs below) commenced the original action to recover for personal injuries and property damages resulting from an automobile collision. A jury returned a verdict of no cause of action and judgment was entered thereon November 30, 1961. Our rule on new trials, 59(b), provides that "A motion for a new trial shall be served not later than 10 days after the entry of judgment." Defendants permitted this time to go by and 60 days later, January 29, 1962, presented to the court an order permitting them to file a motion for a new trial, which the trial judge signed. It included the statement that, "said order may be dated as of the 8th day of December, 1961." A few days later, on February 5, 1962, the court entered a second order also purporting to be effective nunc pro tunc as of December 8, 1961, allowing additional time to file affidavits in support of the motion.

Plaintiffs (defendants below) moved to strike the nunc pro tunc orders and the motion for a new trial. After hearing argu-.

1. For discussion of use of prohibition where irreparable loss or placing party in position of irretrievable disadvantage is threatened, see Atwood v. Cox, 88 Utah 437, 55 P.2d 377; Broadbent v. Gibson, 105 Utah 53, 140 P.2d 939; Olson v. District Court, 106 Utah 220, 147 P.2d 471.

ments the court denied that motion and granted a new trial, whereupon plaintiffs brought this proceeding.

■ We are not unmindful of the fact that in proper circumstances where the interests of justice so require, the court has power to act nunc pro tunc, that is, to do an act upon one date and make it effective as of a prior date. It is recognized that clerical errors may be corrected or omissions supplied so the record will accurately reflect that which in fact took place.[2] However, this device cannot properly be used in the manner resorted to here to revive the time for taking a required step in a legal proceeding after the statutory time for doing it had elapsed.[3] If the court could thus arbitrarily permit a filing after the 10-day limitation prescribed in the rule had expired, the rule would be rendered ineffectual.

Subsequent to the entry of the nunc pro tunc orders above referred to, the defendants sought to justify them and the belated filing of the motion for a new trial under Rule 60(b) U.R.C.P. It authorizes the court to grant a party relief from a judgment, order or proceeding upon a motion made "within a reasonable time and * * not more than three months" after the judgment was entered upon the ground, among others, of "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b) (the 10-day limit)." It is this ground upon which the long-delayed affidavits filed by the plaintiffs attempt to justify the granting of a new trial.

■■ We are in accord with the proposition urged by the defendant that the trial court has broad discretion in granting new trials; and in allowing relief under Rule 60(b). But its power is not without limitation and cannot be exercised capriciously or arbitrarily. It is elementary that under usual circumstances the regular rules of procedure are binding, and that a party who has allowed the time to move for a new trial to expire is thereafter precluded from doing so. This can be avoided only where it is made to appear that for one or more of the reasons specified in Rule 60(b) justice has been so thwarted that equity and good conscience demand that this extraordinary relief be granted. And the burden of showing facts to justify doing so is upon him who seeks such relief.

**2.** See Rule 60(a), U.R.C.P.; also Frost et al., v. District Court et al., 96 Utah 106, 83 P.2d 737.

**3.** See 21 C.J.S. Courts § 227; Green v. Myrick, 177 Miss. 778, 171 So. 774; National Life Ins. Co. v. Kohn, 133 Ohio St. 111, 11 N.E.2d 1020.

■ In order to warrant the granting of a new trial on the ground of belatedly discovered evidence, relied on by the plaintiffs, it would have to appear both that it "by due diligence could not have been discovered in time to move for a new trial"; and that such evidence was of sufficient substance that there would be a reasonable likelihood of a different result.[4] Otherwise, it is obvious that the ends of justice would not be served by ordering a new trial.

Sparing the detail of plaintiffs' affidavits, it is sufficient to say that any evidence referred · to therein having any probative value on the disputed issues appears to be so meager that we cannot believe there is any likelihood that it would produce a different result. But more significant, and of controlling importance, is the fact that no reason whatsoever is given to show why such evidence could not have been discovered in time to move for a new trial, nor in fact to have been presented on the original trial. Therefore, there existed no proper basis for granting relief under Rule 60(b).

The alternative writ prohibiting further proceedings in this case is made permanent. Costs to plaintiffs (defendants below).

WADE, C. J., and HENRIOD, McDONOUGH and CALLISTER, JJ., concur.

4. See Uptown Appliance & Radio Co. v. Flint et al., 122 Utah 298, 249 P.2d 826.