381 P.2d 78

**Fred COOK, Plaintiff and Respondent,**

v.

**Mazella Jensen GARDNER, Executrix of the Estate of Leonard Derle Gardner, deceased, Defendant and Appellant.**

**No. 9735.**

Supreme Court of Utah.

April 29, 1963.

April 29, 1963.

Barker & Ryberg, Salt Lake City, for appellant.

Strong, Wilkins & Wilkins, Salt Lake City, for respondent.

CROCKETT, Justice.

Plaintiff sued the widow and executrix of his former business associate to compel transfer to him of 125,000 shares of stock of Eula Belle Uranium Mining stock. From decree for plaintiff, defendant appeals.

Defendant makes four points of attack upon the judgment: A. Res judicata; B. Allowing an alleged disqualified witness to testify; C. Insufficiency of the evidence; and D. Failure to prove defendant had not performed.

Plaintiff Fred Cook and defendant's decedent, Leonard E. Gardner, had been business associates dealing in mining stocks, particularly in uranium stocks during its heyday occasioned by intensified interest in that mineral as a source of atomic energy. The evidence is that during March, 1955, they agreed that Cook would transfer to Gardner 100,000 shares of Stardust Mines,

Inc., for which Gardner would have transferred to Cook 125,000 shares of Eula Belle when the latter was issued. Records introduced in evidence show that 100,000 shares of Stardust Mines, Inc. were issued to Gardner in two certificates of 50,000 shares each; and that Gardner gave Cook a typewritten memorandum authorizing transfer of 125,000 shares of Eula Belle Uranium, Inc. to Cook. The latter memorandum remained in Cook's desk until after Gardner's death, which occurred in 1958. Plaintiff Cook asserts that he did not learn that the stock had been issued until 1960. Shortly thereafter he joined with one Blake Probert, who had a similar claim, in bringing an action to obtain it. That action was dismissed on defendant's motion.

A. *Res judicata.*

 This contention is grounded upon the dismissal of the action just referred to. Defendant's argument is that the original minute entry showed dismissal with prejudice, but that thereafter the trial judge, without notice or hearing, improperly inserted the word "without". The contention is without merit. First, because it is the prerogative of the court to correct any error or supply any deficiency in its records that may have occurred because of mistake or inadvertence.[1] Second, and of controlling importance, is the fact that the minute entry is superseded by the document signed by the judge which becomes the order of the court;[2] and this order contained the words "without prejudice". If the defendant thought the order invalid, she should have attacked it and appealed. Not having done so, it stands unassailed and clearly afforded the plaintiff the privilege of bringing this new action.

B. *Disqualification of witness.*

 The challenge to the testimony of the witness Blake Probert is based upon the assertion that he is a "person directly interested in [this lawsuit against the estate]" and that "the facts must have been equally within the knowledge of both the witness and * * * [the] deceased person * * *" and is thus precluded from testifying by Sec. 78–24–2, U.C.A.1953. (The so-called dead man's statute.) While this statute obviously has a salutary purpose, in many instances its effect is to suppress inquiry into the truth rather than to assist in its discovery. For that reason this court has heretofore indicated that it should be construed and applied strictly; and that it will only disqualify a witness who has an interest in the particular subject matter of the action in which he is challenged as a witness.[3] More specifically applicable to the

---

1. See Kettner v. Snow, 13 Utah 2d 382, 375 P.2d 28.
2. See Williams v. Tuckett, 98 Utah 398, 95 P.2d 982.

3. Maxfield v. Sainsbury, 110 Utah 280, 172 P.2d 122.

issue before us is the holding in our case of Clark v. George,[4] that in an action for specific performance the challenged witness must have a direct interest in the contract which was the subject of the action in order to fall under the ban of the statute.

The trial court correctly ruled that the fact that Probert had a claim of a similar nature against this estate would not disqualify him as a witness. Incidentally, plaintiff attempted to show that Probert had divested himself of his claim anyway. However, defendant charges that this transfer was not bona fide but was done for the ulterior purpose of removing his disqualification. In that connection we think it appropriate to observe that a different situation might exist if one having an actual interest in the same claim against the estate should purportedly, but not in fact, divest himself of such interest, and thus engage in subterfuge to circumvent the effect of the statute and become qualified as a witness.

C. *That the findings are contrary to the evidence.*

■ This being an action for specific performance, is in equity, and we review the evidence. But we do so in the light most favorable to the findings and will not disturb them unless the evidence clearly preponderates against them.[5] Evidence of critical importance as to the dealings between the parties was given by Mrs. Elaine Papenfuss, who formerly served as secretary for them. Defendant points to claimed frailties and discrepancies therein and attempts to magnify them into being so discrediting that the trial court should not have believed her. We are not so impressed. On that subject it is noteworthy that Mr. Karl Maxwell, also a former business associate, who had worked with these parties, called as defendant's own witness, stated that Mrs. Papenfuss was a woman of good reputation for veracity and for integrity of character. It should not be necessary to point out that her credibility was for the trial court to determine.

D. *Failure to prove nonperformance.*

■ Defendant further urges that in order to entitle plaintiff to specific performance he is obliged not only to establish the contract, but also to prove that the decedent had failed to perform his part of it. Such is not our understanding of the law. Once a contract is established, performance by the defendant is an affirmative defense which he has the burden of proving.[6] Upon the basis of our survey of the record, we see nothing to persuade the court that Gardner had transferred the Eula Belle stock to Cook as required by his contract. Accordingly,

4. Clark v. George, 120 Utah 350, 234 P.2d 844.
5. See Nokes v. Continental Min. & Mil. Co., 6 Utah 2d 177, 308 P.2d 954.

6. 17 C.J.S. Contracts § 590, p. 1230.

the recital in the findings of nonperformance by Gardner is amply justified.

Affirmed. Costs to plaintiff (Respondent).

HENRIOD, C. J., and McDONOUGH, CALLISTER and WADE, JJ., concur.