396 P.2d 47

**DAIRY DISTRIBUTORS, INC., Plaintiff and Respondent,**

v.

**LOCAL UNION 976, JOINT COUNCIL 67, WESTERN CONFERENCE OF TEAMSTERS, etc., et al., Defendants and Appellants.**

No. 10160.

Supreme Court of Utah.

Nov. 2, 1964.

Elias Hansen, Salt Lake City, John J. Dunn, Oakland, Cal., Clarence Beck, Salt Lake City, for appellants.

Hanson & Baldwin, Merlin Lybbert, Arthur A. Allen, Jr., Salt Lake City, for respondent.

McDONOUGH, Justice:

On October 29, 1957, Dairy Distributors, Inc. obtained a jury verdict and judgment for $100,000 against the defendants for damages caused to the plaintiff's business by the defendants' unlawful picketing of the premises of Dorman and Company in New

York City. In entering the judgment on the verdict, the clerk did not fill in the blanks provided for interest, although our rule of civil procedure, 54(e), requires that: "The clerk must include in any judgment signed by him any interest on the verdict or decision from the time it was rendered."

On appeal to this court the judgment was affirmed. But the point concerning interest was not raised or referred to. 8 Utah 2d 124, 329 P.2d 414. Since that time there have been further proceedings in this cause in the courts of this State, federal courts and the state of California, the detail of which is not important here except as noted below.

On December 2, 1963, in the Superior Court at San Francisco, California, the plaintiff filed an action based on the Utah judgment for the $100,000; and sought interest at the rate of eight per cent per annum as provided by Utah law. The Western Conference of Teamsters answered specifically contesting the interest on the ground that no interest had been expressly included in the Utah judgment. Upon dispute of the parties over that issue, the California court continued the matter until the question of interest under Utah law had been settled. Pursuant to plaintiff's application to the Utah court, Judge Aldon J. Anderson amended the judgment to include interest thereon at eight per cent per an-

num. Defendants then made a motion to strike the amendment. After hearing and argument thereon, the court made written findings including: "* * * that the clerk of this court by oversight and inadvertence, did not insert in the blank provided for that purpose the interest rate on said judgment at eight per cent per annum" and ordered the judgment corrected accordingly.

■ Defendants appeal, contending that the prior judgment, having been appealed and affirmed by this court had become final, and that the district court was thereafter without authority to change it. We have no doubt about the correctness of the general rule that when a judgment has become final, the court is without authority to change it. However, an examination of the authorities cited by the defendants will disclose that they do not apply to situations such as the instant one, where there was merely a correction of an inadvertent omission. Reece v. Knott, 3 Utah 451, 24 P. 757; Nichols v. Union Pac. Railway Co., 7 Utah 510, 27 P. 693; DaRouch v. District Court, 95 Utah 227, 79 P.2d 1006, 116 A.L.R. 1147; Lees v. Freeman, 19 Utah 481, 57 P. 411; Frost v. District Court of the Fifth Judicial District, 96 Utah 106, 83 P.2d 737; Keller v. Chournos, 95 Utah 31, 79 P.2d 86, will be found to actually support plaintiff's position in recognizing that the interest follows the judgment as a matter of law.

Our statute, Sec. 15–1–4, U.C.A. 1953, provides that unless otherwise agreed by the parties, " * * * judgments shall bear interest at the rate of eight per cent per annum." This interest follows the judgment as a matter of law and would be collectible even though the judgment did not so provide. See Blair v. Durham, 139 F.2d 260 (6th Circuit 1943). The trial court in no way transgressed its authority in filling in the omission and making the record show what was true under the law anyway. Its action was in conformity with the well-established precept that mere lapse of time will not prevent the court from correcting errors or omissions. We so recognized in the recent case of Kettner v. Snow, 13 Utah 2d 382, 375 P.2d 28, stating that " * * * in proper circumstances where the interests of justice so require, the court has power to act nunc pro tunc, that is, to do an act upon one date and make it effective as of a prior date. It is recognized that clerical errors may be corrected or omissions supplied so the record will accurately reflect that which in fact took place." To the same effect see Cook v. Gardner, 14 Utah 2d 193, 195, 381 P.2d 78.

Affirmed. Costs to plaintiff (respondent).

HENRIOD, C. J., and CALLISTER, CROCKETT and WADE, JJ., concur.