**Arla Jean GLAD, now Arla Jean Segmiller, Plaintiff and Appellant,**

v.

**Harvey Lowell GLAD, Defendant and Respondent.**

**No. 14894.**

Supreme Court of Utah.

July 8, 1977.

---

Leland S. McCullough, McCullough & McCullough, Salt Lake City, for plaintiff and appellant.

Quentin L. R. Alston, Salt Lake City, for defendant and respondent.

HALL, Justice:

Appeal from an order of dismissal of an order to show cause filed in the District Court of Salt Lake County.

The Glads were parties to a contested divorce action wherein findings of fact, conclusions of law and decree of divorce were entered on April 23, 1973. Three days later defendant filed a document entitled "Notice" which was duly served upon plaintiff advising of a hearing date of May 14, 1973, on defendant's objection to the said findings, conclusions and decree claimed therein to be contrary to the court's order and minute entry. On the date scheduled for the hearing of said objections neither party appeared and on the court's own motion the objections were stricken from the calendar. Defendant does not challenge the validity of the pleading entitled "Notice" as being also an objection, and in fact refers to it as such.

Some three months later the parties lived together for a time without re-marrying and after a further time Mrs. Glad again filed an action for divorce, making no reference to the prior decree, and obtained a second decree by default. Over two years later Mrs. Glad sought and obtained the order to show cause in question attempting to enforce the support provisions of the second degree. It was heard by the same trial judge that granted the second decree and when the facts concerning the first decree surfaced Mr. Glad moved to dismiss the order to show cause for lack of jurisdiction and Mrs. Glad moved to dismiss the first case and vacate its decree on the grounds of reconciliation. The court granted Mr. Glad's motion to dismiss determining the decree in the initial case had become final. On appeal Mrs. Glad assigns as error (1) the court's refusal to dismiss the first case and thus render the decree in the second case a valid, final decree, and (2) failing to support its ruling with findings of fact and conclusions of law.

The rules provide for amendment of a judgment on motion of a party made not

later than 10 days after entry of judgment,[1] and the divorce statutes provide that a decree shall not become absolute until the expiration of three months from the date of entry and not then if an appeal or other proceedings for review are pending.[2]

The foregoing have been previously interpreted by this court. In *Spencer v. Clark*[3] the defendant in a divorce proceeding filed a motion to set aside the findings of fact and conclusions of law for the reason that they did not conform to the testimony adduced at trial. The court determined that the motion prevented the divorce from becoming absolute until the statutory period (then six months) had elapsed after the motion was disposed of.

A similar result was reached in *Boucofski v. Jacobsen*[4] wherein the power of a court to modify its findings was recognized and further noted that the time for appeal begins to run from the date the additional findings or conclusions are made and entered, not from the date of the original judgment.

■ We again hold that a timely motion setting forth objections suspends all proceedings until the court disposes of the same and that since the motion was merely stricken from the calendar and not heard on its merits, such was not a final disposition and consequently the first divorce did not, and has not as yet, become absolute. Having so ruled, it is not necessary to treat the further assignments of error, nor is it necessary to reverse the trial court's refusal to dismiss the first case.

■ The second decree, being some two years old, and the parties having abided by it without any attack thereon, jurisdictional or otherwise, we hold to be valid and absolute and properly supportive of the order to show cause dismissed below.

1. Rule 52(b), Utah Rules of Civil Procedure.

2. Section 30–3–7, U.C.A.1953.

3. 54 Utah 83, 179 P. 741 (1919).

4. 36 Utah 165, 104 P. 117 (1909).

■ Defendant asserts that the appeal should be dismissed as not being timely and in support thereof points out the order appealed from was entered on October 28, 1976, and that the notice of appeal was filed on November 29, 1976, more than one month after the entry of said order.[5] Rule 6(a), U.R.C.P. is dispositive of this point in providing for the computation of time that the day of the act, event, or default after which the designated period of time begins to run is not included. Also, if the last day of the period falls on Sunday it is not included and such was the case here. Consequently, the appeal was timely filed.

The judgment of dismissal of the order to show cause is reversed and the case is remanded for hearing thereon. No costs awarded.

ELLETT, C. J., and MAUGHAN and WILKINS, JJ.

CROCKETT, Justice: (concurring in result, but dissenting in part).

I concur in the holding that the Order To Show Cause was issued on a valid judgment (the so-called Second Decree) and that it should not have been dismissed. But, I have some observations which I regard as of sufficient importance to record.

I do not see the necessity for the dictum that the filing of the "notice" or "objection" to the findings in the first divorce case, and leaving it undisposed of, would necessarily have the effect of preventing a divorce from becoming final. Nor do I believe that such a ruling is in conformity with sound policy or with our Rules of Procedure. Whatever effect it may have had here, there was something relating to the marital status between these parties that could be and was adjudicated by the Second Decree. That was done; and for the reasons stated above and in the main opinion, that judgment stands as valid and unassailed.

5. Rule 73(a), U.R.C.P. provides the time within which an appeal may be taken shall be one month from entry of judgment on order appealed from.

My apprehension is about any notion that the mere filing of such a "notice," or a motion, and leaving it undisposed of, whether designedly or inadvertently, would prevent otherwise valid proceedings and decrees thereon from ever becoming final. The multifarious mischiefs that might result in many of the thousands of divorce decrees upon which people rely and go their way, having children and accumulating property, etc., are so obvious that I spare extenuation thereon here.

It is my opinion that the language of Sec. 30–3–7, U.C.A.1953, that "the Decree of Divorce shall become absolute at the expiration of three months from the entry thereof; unless *an appeal or other proceedings for review* are pending . . ." should be understood as meaning "an appeal or other proceedings" in the nature of, or equivalent to, an appeal; and further, that an undisposed of motion does not reach that dignity.

Supporting the conclusion I advocate is the fact that the effect of the filing of such a motion (and other motions of similar character) is stated in Rule 73(a), U.R.C.P. that:

. . . *The running of the time for appeal is terminated* by a timely motion made pursuant to any of the rules hereinafter enumerated . . .:
Granting or denying a motion for judgment under Rule 50(b), . . .
Denying a motion under Rule 52(b) to amend or make additional Findings of Fact, . . .
Motion under Rule 59 to alter or amend judgment; or denying a motion for a new trial. [All emphasis herein added.]

But our rules do not provide for any other effect of the filing of such motions.

For the reasons above stated, I do not agree with and therefore exclude from my concurrence the statement that "a timely motion setting forth objections suspends all proceedings until the court disposes of the same." I think the rule should be that it does only what the statute and the rules above referred to say; *that it extends the time for appeal.* I appreciate that there is a basis for difference of view on this matter; and I therefore offer the suggestion that the rules should be amended to provide that if any such motion is not disposed of within a reasonable time, say 60 or 90 days after it is filed, it shall be deemed to be denied.