Lynn R. PREECE, Plaintiff
and Appellant,

v.

Mark V. PREECE, Defendant
and Respondent.

No. 18295.

Supreme Court of Utah.

May 1, 1984.

Pete N. Vlahos, Ogden, for plaintiff and appellant.

Lyle W. Hillyard, Logan, for defendant and respondent.

HOWE, Justice:

The appellant, Lynn R. Preece, seeks nullification of a decree of divorce which was signed and entered nunc pro tunc after the death of her husband, Mark V. Preece.

Appellant was the plaintiff in a divorce action against her husband. Each was represented by an attorney. At the conclusion of the trial on October 27, 1981 the court announced it would grant a decree of divorce and set forth the terms to be included in it: The statutory three-month interlocutory period before the decree became final would be waived and the decree would "become final upon signing." In November, appellant's attorney prepared and submitted proposed findings of fact and conclusions of law to Mr. Preece's counsel. The latter, by letter to the court, asked the court to strike a paragraph awarding attorney's fees to appellant because he did not think it was a part of the determination of the court as previously announced. He made no formal motion and took no other exception. By letter he informed appellant's attorney of this action and that he would "leave it up to the court as to whether [the paragraph would be] left in or not." He also mentioned that Mr. Preece had instructed him to file an appeal.

Before the court had signed the decree, Mr. Preece died of a heart attack. Thereafter, his counsel petitioned the court for a nunc pro tunc order entering the divorce decree. After submission of briefs and argument at a hearing, the court entered the nunc pro tunc order making the divorce effective as of the trial date of October 27, 1981. Appellant brings this appeal because her status as either a divorced spouse or a surviving spouse determines her interest in the estate of Mr. Preece and affects the interest in his estate of his children by a previous marriage.

A motion nunc pro tunc is used to make the record speak the truth; it may not be used to correct the court's failure to speak. See generally 24 Am.Jur.2d, Divorce and Separation, § 422 (1966); 6A Moore's Federal Practice, § 58.08 (2d Ed. 1983). In other words, the function of a nunc pro tunc order is not to make an order now for then, but to enter now for then an order previously made. *Wallace v. Wallace*, 214 Kan. 344, 520 P.2d 1221 (1974). Cases involving application of the nunc pro tunc concept can generally be divided into either (1) those which correct ministerial or clerical error, or (2) those which remedy a situation created by the death of a party after submission of a case but before judgment. *Barros v. Barros*, 26 Wash.App. 363, 613 P.2d 547 (1980).

Insofar as the correction of clerical errors is concerned, we have long recognized the power of courts, under proper circumstances and where the interests of justice require, to do an act upon one date and make it effective as of a prior date so that the record accurately reflects that which took place. *Dairy Distributors, Inc. v. Local 976, etc.*, 16 Utah 2d 85, 396 P.2d 47 (1964); *Cook v. Gardner*, 14 Utah 2d 193, 381 P.2d 78 (1963); *Kettner v. Snow*, 13 Utah 2d 382, 375 P.2d 28 (1962). However, we have not been faced with the situation where the court announces that it is granting a divorce and will waive the interlocutory period but then one party dies before the decree is signed. The question then arises: May the decree be signed and entered nunc pro tunc as of a date prior to the death?

Our own cases are not in point on this issue. *Daly v. Daly*, Utah, 533 P.2d 884 (1975) dealt with the death of a party after the decree was signed, but during the three-month interlocutory period contained in the decree. In *Glad v. Glad*, Utah, 567 P.2d 160 (1977) a formal motion which set forth an objection to a signed divorce decree was held to have suspended proceedings, preventing the decree from becoming final until the court disposed of the objection. While these cases do not treat the entry of orders nunc pro tunc, they exemplify our views of the finality of divorce decrees.

In other jurisdictions, courts have held in some cases that there should be no entry of a decree of divorce nunc pro tunc to take effect as of a date prior to the death of a party, since the death terminates the marriage and abates the divorce proceeding. See *Heil v. Rogers*, 329 S.W.2d 388 (Mo. App.1959) where the divorce case was under advisement at the time of the death of

one of the parties and the cause of action was held not to survive the death; *Sahler v. Sahler*, 154 Fla. 206, 17 So.2d 105 (1944) where no decree had been signed by the chancellor, filed for record, or recorded, and no definite pronouncement had been made as to what the final decree would contain; *Wilson v. Wilson*, 73 Mich. 620, 41 N.W. 817 (1889) where the court determined that there can be no divorce decree after death has separated the parties. See also Annot., 19 A.L.R.3d 648, § 7 at 659 (1968), and other cases cited therein; 3 W. Nelson Divorce & Annulment, § 28.04 (1945). See generally Annot., 104 A.L.R. 654 (1936); Annot., 3 A.L.R. 1403 (1919).

However, in other cases courts have held that a judgment nunc pro tunc could be entered to take effect prior to the death of a party because the successful party was clearly entitled to the judgment when both parties were living. See *Berkenfield v. Jacobs*, Fla., 83 So.2d 265 (1955), where a party died after the final decree of divorce was signed but before it was recorded and the divorce was made effective by an order nunc pro tunc; *Cameron v. Cameron*, 105 W.Va. 621, 143 S.E. 349 (1928) where the court saw no logical reason why an order actually pronounced during the life of the parties could not be entered after the death of one of them; *Tikalsky v. Tikalsky*, 166 Minn. 468, 208 N.W. 180 (1926) where before the death of a husband the trial court had resolved all factual questions and had ordered the entry of judgment in his favor, but no judgment was actually entered, and thereafter a nunc pro tunc judgment was entered. See also Annot., 19 A.L.R.3d 648, § 7 at 660 (1968) and other cases cited therein; A. Clark, Law of Domestic Relations, Divorce Procedure, § 13.2 at 384 (1968).

■ We agree with those jurisdictions which have not allowed entry of a decree nunc pro tunc because the death of one of the parties before final judgment terminates the marriage relationship and abates the divorce proceeding. The determinative factor which prevents the use of nunc pro tunc in the instant case is the lack of signature on a decree and the attendant ability of the court to alter the terms of the decree until it was signed and entered. Additionally, the dispute over the substantive issue of attorney fees (in spite of respondent's counsel's indication that he would leave its resolution to the trial court) points to a lack of finality. Because the judge's oral announcement was not reduced to a signed written decree prior to the death of Mr. Preece, a previously made order did not exist and therefore did not afford the court the right to employ the nunc pro tunc device.

However, even if the oral announcement were considered a previous order, nunc pro tunc was misapplied here. A nunc pro tunc order should be the reflection of a previously made ruling. The court had orally announced that the decree was "to become final upon signing." By making it effective as of the trial date rather than upon signing, the court altered its previous ruling. It did not merely reflect its previous ruling. Even though it did not otherwise deviate from its oral announcement, this alteration of the effective date was nonetheless a substantial departure from the earlier announcement. Nunc pro tunc should not be used in that circumstance.

We remand the case to the district court with instructions to vacate the decree and dismiss the action. Each party is to bear his or her own costs.

HALL, C.J., and OAKS and DURHAM, JJ., concur.

STEWART, Justice (dissenting):

I submit that the majority opinion is based on a technicality that wholly ignores the substance of what both parties intended in this litigation and the substance of the law. I fail to see any persuasive reason to support the result reached by the majority. The appellant wanted a divorce; she filed for a divorce; all critical issues were adjudicated; and the trial judge resolved all essential factual issues and orally granted a divorce. Counsel prepared findings of fact and conclusions of law

which are uncontested as far as the significant issues are concerned. Before the trial judge could sign the findings of fact and conclusions of law, the defendant unexpectedly died. The majority nullifies the entire legal proceeding on the sterile formalism that the plaintiff cannot be divorced from a dead man. Thus, the decree, and the property division made in the decree, are held to be void. As a consequence, the appellant inherits a widow's share of the estate of a man she had divorced for all practical purposes, when, in my view, she should receive only what the trial court awarded in the property settlement, which is all she ever asked from the court. I see no reason why the fortuitous event of death just prior to the signing of findings and conclusions and after a full adjudication in law or equity should produce such a windfall.

The trial court, in its memorandum decision, stated that "[i]n this case the Court ordered that the divorce was final and absolute on the day of the hearing." Since the interlocutory period had been waived, only two acts, both ministerial in nature, remained to complete the divorce—the signing of the findings of fact and conclusions of law by the judge and the filing of the decree by the court clerk in the judgment book.

The decree of divorce should, I believe, be entered *nunc pro tunc*. A commonly-accepted statement of the rationale justifying entry of an order *nunc pro tunc* is found in the annotation at 104 A.L.R. 654 (1936), which states:

> The general rule ... is that, if the facts justifying the entry of a decree were *adjudicated* during the lifetime of the parties to a divorce action, *so that the decree was rendered or could or should have been rendered thereon immediately,* but for some reason was not entered as such on the judgment record, the death of one of the parties to the action subsequently to the rendition thereof, but before it is in fact entered upon the record, does not prevent the entry of a decree nunc pro tunc to take

effect as of a time prior to the death of the party.

*Id.* at 664 (emphasis added). *Accord* H. Clark, The Law of *Domestic Relations* § 13.2 at 384 (1968). *See also* Annot., 158 A.L.R. 1205, 1209–1210 (1945); Annot., 19 A.L.R.3d 648, § 7 (1968).

The majority states that the judgment here was not final because the first of those two acts was not completed—"the judge's oral announcement was not reduced to a signed written decree" prior to Mark Preece's death. It is true that in some divorce cases in which a *nunc pro tunc* order was granted after the intervening death of a spouse, a written decree had been signed by the judge and only the entry of the decree in the judgment book remained. *E.g., Berkenfield v. Jacobs,* Fla., 83 So.2d 265 (1955). In other cases, however, a *nunc pro tunc* order was held to be valid even though no written decree had been signed. For example, in *Caprita v. Caprita,* 145 Ohio St. 5, 60 N.E.2d 483 (1945), at the conclusion of a divorce proceeding, the trial judge announced a decree that entitled the wife to a divorce and a division of the marital estate, but continued the proceedings so that the property might be appraised and properly divided. The husband died before the property division was completed or the decree signed. The Supreme Court of Ohio upheld a decision by the trial court to order the divorce *nunc pro tunc,* relying on the fact that the trial court had orally announced its decision before the husband died. *See also Becker v. King,* Fla.App., 307 So.2d 855 (1975).

The instant case is almost four-square with *Caprita,* and I think the same rule should apply. Where, as here, the parties have fully adjudicated the factual issues, the trial judge has announced the final decision, and the parties have waived the interlocutory period, I see no valid reason whatsoever why a *nunc pro tunc* decree should not be entered.

The appellant contends that there were still contested issues. Those issues were: (1) the award of attorney's fees and (2) the property division award of $14,605 to Mark

Preece. These issues did not bear in any way on the critical fact—the granting of the divorce—and could have been resolved on appeal if the issues could be appropriately raised. The decree itself was final as to that point. The attorney's fee issue was a collateral matter not crucial to the disposition of the merits of the case. *See Pettit v. Pettit,* 60 Ill.App.3d 375, 17 Ill.Dec. 636, 376 N.E.2d 782 (1978). In divorce proceedings, a claim for attorney's fees is "incidental" to the divorce action. *Smith v. Smith,* Ala.Civ.App., 365 So.2d 88 (1978); *O'Connor v. O'Connor,* 48 Wis.2d 535, 180 N.W.2d 735 (1970); *Sovereign v. Sovereign,* 361 Mich. 528, 106 N.W.2d 146 (1960).

The issue the appellant now raises as to the division of property is not a valid reason for reversing the trial court's *nunc pro tunc* order. *Caprita v. Caprita, supra.* That issue was not asserted by the plaintiff as a reason for not formalizing the trial judge's order. She only relied on it as an issue to be raised on appeal. The appeal could have gone forward with the decedent's estate substituted as a party.

The trial court wrote in its memorandum decision:

> This is an equity proceeding and if there ever [were] a case where equity and justice demand that the property rights remain undisturbed as found by the Court at the hearing, this is the case where it should ....

The facts of this case fully bear out this ruling. Mrs. Preece initiated the divorce action. She and Mr. Preece had been separated for a year. The couple was childless, and she sought a waiver of the usual three-month waiting period so that her divorce from Mark Preece would be accelerated. The trial court's oral "decree" of divorce was in her favor and accorded her the terms she had sought. The plaintiff accepted the court's decree, except for the award of attorney's fees, and the award of $14,605 to Mark Preece, which she claims she intended to appeal. There was no issue as to the remainder of the trial court's disposition.

Now, due to the unexpected death of Mark Preece, the plaintiff becomes an heir to one-half of his estate, primarily a family farm, which is valued at over $143,000. As his heir, she will receive much more than she would have by way of the divorce decree, even if she had prevailed on the disputed $14,605 property settlement issue. Given these facts, I think that the trial court's ruling was clearly correct. I agree that if ever equity required a *nunc pro tunc* order, it does here.

The Legislature has recently enacted a statute that commits broad discretion to trial courts in granting *nunc pro tunc* orders in domestic relations matters. U.C.A., 1953, § 30–4a–1 (1983 Pocket Supp.) reads:

> A court having jurisdiction may, upon its finding of *good cause* and giving of such notice as may be ordered, enter an order Nunc Pro Tunc in a matter relating to marriage, divorce, legal separation or annulment of marriage. [Emphasis added.]

All that need be shown is "good cause." Surely that standard is met here. I realize that retroactive application of statutes is not favored. But where, as here, the statute is remedial in nature, and does not modify vested rights, it should be so applied. *Pilcher v. State,* Utah, 663 P.2d 450 (1983); *State v. Higgs,* Utah, 656 P.2d 998, 1000 (1982); *Petty v. Clark,* 113 Utah 205, 192 P.2d 589 (1948).