*This opinion is subject to revision before
publication in the Pacific Reporter*

**2016 UT 44**

IN THE

# SUPREME COURT OF THE STATE OF UTAH

DANNY LOGUE,
*Petitioner,*

*v.*

COURT OF APPEALS, STATE OF UTAH, and THIRD DISTRICT COURT,
*Respondents.*

No. 20160498
Filed October 20, 2016

Fourth District, Provo
The Honorable Derek P. Pullan
No. 111401543

On Petition for Extraordinary Writ

Attorneys:

Herschel Bullen, Salt Lake City, for petitioner

Sean D. Reyes, Att'y Gen., Tyler R. Green, Solic. Gen.,
Thomas B. Brunker, Deputy Solic. Gen., Mark C. Field, Asst. Solic. Gen.,
Salt Lake City, for respondents

Nancy J. Sylvester, Salt Lake City, for respondent
Administrative Office of the Courts

PER CURIAM:

¶ 1   In a petition for extraordinary relief, Danny Logue asks us to direct the district court to entertain a motion for a new trial based on newly discovered evidence, despite the fact that the time for filing such a motion has already expired. We deny Mr. Logue's petition for two reasons: (1) it fails to comply with the pleading requirements prescribed in rule 19(b) of the Utah Rules of Appellate Procedure, and (2) Mr. Logue has failed to carry his burden of showing that the newly

discovered impeachment evidence in this case justifies our granting extraordinary relief.

¶ 2   After a fourteen-day jury trial, Mr. Logue was convicted of aggravated murder, possession of a dangerous weapon by restricted person, and obstruction of justice. Brandon Wright was one of the State's witnesses at trial. He testified that Mr. Logue admitted to the aggravated murder in 2014 when they were both serving prison time on the same cell block. The jury also heard evidence of Mr. Wright's lengthy criminal record, including his prior gang affiliation.

¶ 3   Mr. Logue was sentenced on May 14, 2015. He filed a motion for a new trial, which was denied on December 9, 2015. On December 28, 2015, he filed his notice of appeal. Approximately three months later, while Mr. Logue's appeal was pending, Mr. Wright walked into a police station and confessed to an unrelated twenty-year-old murder.

¶ 4   Mr. Logue now petitions for extraordinary relief based on Mr. Wright's confession. Mr. Logue argues that unless we exercise our authority to issue an extraordinary writ, he will be unable to seek a new trial based on this newly discovered evidence until after he has exhausted his direct appeal—a process that could take months or years.

¶ 5   We broadly take Mr. Logue's point. Rule 24(c) of the Utah Rules of Criminal Procedure generally requires that a motion for new trial be made "not later than 14 days after entry of the sentence." The Utah Rules of Civil Procedure likewise require litigants to seek relief from judgment based on new evidence no later than ninety days from the entry of judgment against them. *See* UTAH R. CIV. P. 60(b)(2), (c).[1] Moreover, it appears that Mr. Logue may not petition for postconviction relief until he exhausts his direct appeal. *See* UTAH CODE §§ 78B-9-102(1), 78B-9-107(1)–(2).[2] Thus, it appears that criminal defendants, like Mr. Logue, who discover new evidence more than ninety days after sentencing must await the conclusion of their appeal

---

[1] The Utah Rules of Civil Procedure may apply in criminal proceedings when "there is no other applicable statute or rule." UTAH R. CIV. P. 81(e).

[2] Because Mr. Logue does not seek to raise a claim of factual innocence, we do not reach whether factual innocence claims may be exempt from this limitation. *See* UTAH CODE § 78B-9-402.

before attempting to seek relief based on this evidence, even if it would likely entitle them to a new trial.

¶ 6   We share Mr. Logue's concerns that there may be a period of time during which defendants in Mr. Logue's shoes are procedurally unable to press potentially meritorious claims. We nevertheless deny Mr. Logue's petition because we conclude that Mr. Logue failed to carry his burden of showing that the newly discovered impeachment evidence in this case justifies our issuing an extraordinary writ. *See Kettner v. Snow*, 375 P.2d 28, 30 (Utah 1962) ("[T]he burden of showing facts to justify [granting extraordinary relief] is upon him who seeks such relief."). Mr. Logue contends that Mr. Wright's posttrial confession to an unrelated murder shows that he "seriously perjured himself by the material omission of the fact that he had committed a murder in Washington State for which he had not been brought to justice." But Mr. Logue has not explained how Mr. Wright's omission of this fact amounts to perjury. Moreover, the jury knew that Mr. Wright had a lengthy criminal record, including prior affiliation with a prison gang. Mr. Logue has not persuaded us that the jury's assessment of Mr. Wright's credibility would have been significantly affected by the additional information that he had committed an unsolved serious crime. *See State v. Pinder*, 2005 UT 15, ¶ 66, 114 P.3d 551 (newly discovered evidence does not warrant a new trial if it is merely cumulative); *see also State v. Boyd*, 2001 UT 30, ¶ 28, 25 P.3d 985 ("As a general rule, newly discovered evidence does not warrant a new trial where its only use is impeachment."); *State v. Worthen*, 765 P.2d 839, 851 (Utah 1988) (denying motion for new trial when newly discovered evidence had only "minor impeachment value").[3]

¶ 7   We accordingly decline to exercise our discretion to grant Mr. Logue's petition for extraordinary relief. But we will direct the appropriate standing committee on the rules of procedure to consider

---

[3] We also note that Mr. Logue did not comply with rule 19(b) of the Utah Rules of Appellate Procedure. This rule requires a petition for an extraordinary writ to contain, among other things, "[a] statement of the reasons why no other plain, speedy, or adequate remedy exists and why the writ should issue." UTAH R. APP. P. 19(b)(4). Mr. Logue's petition does not even attempt to explain why his inability to pursue a new trial until after he has exhausted his appeal deprived him of a "plain, speedy, or adequate remedy." Indeed, nowhere in Mr. Logue's petition does the phrase "plain, speedy, or adequate remedy" even appear.

revising them so that they do not act as a categorical bar to motions for new trials in cases like these.

————————