## In re BURT'S ESTATE.

No. 3605.   Decided June 9, 1921.   Rehearing Denied June 20, 1921.
(198 Pac. 1108.)

1. EXECUTORS AND ADMINISTRATORS—EXECUTOR HELD NOT IN FAULT FOR BRINGING ACTION TO QUIET TITLE TO LAND CLAIMED BY AN HEIR. On an accounting by an executor, *held*, on objections to allowing expense of a suit by him, that he was not in fault for bringing the suit, which was to quiet title to land claimed by one of the heirs under a conveyance from the deceased not recorded by the heir until seven months after the ancestor's death, though executed several years before, where there was dispute among the heirs, some of them urging such action, and it appeared that the tenants who had been occupying the land had continually recognized the deceased as the owner.

2. EXECUTORS AND ADMINISTRATORS—HEIR CLAIMING LAND AGAINST ESTATE NOT ENTITLED TO APPOINTMENT ON RESIGNATION OF EXECUTOR. Under Comp. Laws 1917, § 7597, providing for the grant of letters to persons entitled to administration authorizing the court for good and sufficient reason to appoint any competent person, the court properly appointed a disinterested person as against the claims of an heir against whom the executor, who was then resigning, had instituted suit to quiet title to land claimed by such heir under a deed long unrecorded.[1]

Appeal from District Court, First District, Box Elder County; *J. D. Call*, Judge.

In the matter of the estate of Ann H. Burt. From an order approving the executor's account fixing his compensation and counsel fees and from an order naming an administrator to succeed the executor resigning, contestant appeals.

AFFIRMED, with costs against appellant.

[1] Citing *In re Slater's Estate*, 55 Utah, 252, 184 Pac. 1017.

*Ricy H. Jones* and *Le Roy B. Young,* both of Brigham City, for appellant.

*Wm. Lowe* and *Chas. E. Foxley,* both of Brigham City, for respondent.

GIDEON, J.

Ann H. Burt died testate in Box Elder county, this state, on the 4th day of December, 1916. By her last will she named Thomas H. Blackburn as executor. The will was admitted to probate on the 3d day of January, 1917, and the executor was confirmed by an order of court. He immediately qualified and entered upon his duties as such, and continued to administer the estate until the 17th day of January, 1920. On this last date he filed a petition, accompanied by an account of his administration up to that time, and asked for the approval of the account. He also tendered his resignation, and petitioned the court to be relieved from further acting as executor. By an order of court made on the 17th day of January, 1920, a hearing on the final account and the resignation was set for February 9, 1920. Notice was directed to be given the heirs and interested parties as required by law. At the date of hearing objections were interposed to the account, and also to the court's accepting the resignation. Application for a continuance was made by the objecting heirs. This was overruled, and the court proceeded to take testimony, after which it made an order approving the final report and account of the executor, accepted his resignation, and appointed a successor. In the order approving the account the court allowed the executor the sum of $100 as extra compensation for extraordinary services claimed to have been performed by him, and also fixed the amount of counsel fees to be allowed the executor's counsel in the sum of $300. The court, at the same hearing, designated one Charles E. Foxley, an attorney at law, as the administrator with the will annexed to complete the administration of the estate. The appeal is from the order of the court approving

the account, fixing the executor's compensation as well as counsel fees, and from the order naming Foxley as administrator.

One of the contestants, Ricy H. Jones, being the eldest son of the deceased, had requested to be named administrator, and claimed such right by reason of being an interested party and the eldest son of the deceased.

There is much in the record in the way of affidavits, counter affidavits, motions, and objections, which is immaterial so far as the questions presented by this appeal are concerned.

Appellant contends: That the executor did not proceed to administer the estate in good faith; that the institution of a certain suit on his part was unauthorized, and was not in the reasonable discharge of his duties; that the facts surrounding the ownership of the real estate sought to be obtained for the estate were known to the executor, and were such that a recovery could not be had; that in instituting such action he was not acting in good faith, and should not be permitted to use the estate's funds for the payment of the expenses of the prosecution of the suit; also that the court exceeded its authority in naming Charles E. Foxley administrator, and in refusing the application of appellant Jones.

It appears that during the life of the deceased she owned several pieces of real estate located in Brigham City; that some years prior to her death she had conveyed separate pieces to some of her sons, and had taken back from such grantees what are designated and known as life leases. At the time of her death at least one of the deeds claimed to have been given conveying certain property to her eldest son, had not been recorded, and was not recorded until something like seven months after the death of the testatrix. The executor, in the discharge of his duties, and at the request of several of the heirs, instituted action to quite title to this property, and claimed the same on behalf of the estate. That action was instituted and was in the courts for several years. Prosecuting the action on the part of the executor is charged as being without reasonable or probable cause, and the action

of the executor in the institution of the suit is claimed to have been in bad faith.

It would subserve no good purpose to review the evidence. Suffice it to say that we are satisfied that the executor not only did not abuse his privileges and duties, but, under the facts shown, was acting the part of a reasonable and ordinarily prudent man in bringing suit to determine whether the estate was the owner of that particular property. At the time of the death of the testatrix the title to that property stood in her name, and it appears from the record that she was then in possession of this particular piece of real estate, and had been for a number of years. The deed claimed to have been executed by the deceased, conveying the property to appellant Ricy H. Jones, bears date of May 24, 1911, and was recorded July 21, 1917, some seven months after the death of the testatrix. Tenants occupying the premises had paid rent to the deceased and recognized her as the landlady entitled to the possession of the same. The duties of an executor or administrator are clearly stated in Woerner, Am. Law of Administration (2d Ed.) star page 677, as follows:

"Executors and administrators are bound to prosecute all actions that may become necessary to recover debts owing to the estate, or property of any kind, and to protect the interest of the estate whenever the same is jeopardized. To this end they must act not only with honest intent and perfect integrity, but also with promptness and diligence and reasonable prudence and foresight."

The executor in this estate, in determining his duty in the premises, was confronted with this state of facts: He found real property that had been in the possession of the testatrix at the date of her death. The record title to such property was in the name of the deceased at the date of his appointment. Some seven months afterwards a deed is produced by one of the heirs and recorded, bearing date five years before the death of the testatrix. Some of the heirs are insistent that the property belongs to the estate, and that the executor take action to recover and quiet the title in the estate. It would indeed be a harsh rule for a court to hold that under such state of facts the executor dare not take action to recover

the property without assuming the risk of having the costs of such proceeding taxed against him personally in the event of failure.

The compensation allowed to the executor and his counsel by the court was reasonable for the services rendered. The district court so found, and that finding is amply supported by the record. In the management of estates much must be left to the sound discretion of the district courts. This court would not be authorized or justified-in disturbing the findings made by the district court in this proceeding.

No objection is interposed, or suggestion made, that Charles E. Foxley is not a suitable person to complete the administration of the estate. At the time when Executor Blackburn tendered his resignation, and on the date of the acceptance of the same, the suit instituted by the executor against appellant Ricy H. Jones was pending in court and yet undetermined. The court was therefore manifestly right in refusing to name said Ricy H. Jones as the administrator of the estate. The effect of that appointment would have been to make Ricy H. Jones administrator plaintiff against himself personally defendant. Comp. Laws Utah 1917, § 7597, provides that—

"When there are several persons equally entitled to administration, the court may grant letters to one or more of them. * * * If a dispute arises as to relationship between applicants, or if there is any other good and sufficient reason, the court may appoint any competent person."

The court was therefore in the exercise of authority given it by statute in refusing to name the appellant administrator of the estate, and in naming a disinterested person to complete the administration. *In re Slater's Estate,* 55 Utah 252, 184 Pac. 1017.

There are other questions presented and argued, but, as they are not material to the determination of this appeal, we refrain from discussing them.

The controversy is, as designated by the district court, at most an undignified family quarrel, and the court was right in summarily naming a disinterested administrator upon the resignation òf the executor.

There is no reversible error in the record. The order appealed from is affirmed, with costs against the appellant heir.

CORFMAN, C. J. and WEBER, THURMAN, and FRICK, JJ., concur.