495 P.2d 811

Delbert **DEL PORTO**, Administrator of the Estate of Angelina Nicolo, Deceased, Plaintiff and Appellant,

v.

Tom **NICOLO** and Elva Nicolo, his wife, Defendants and Respondents.

No. 12416.

Supreme Court of Utah.

April 3, 1972.

3. Rule 73, U.R.C.P.

Brant H. Wall, Salt Lake City, for plaintiff and appellant.

Mark S. Miner, Salt Lake City, for defendants and respondents.

CROCKETT, Justice:

Delbert Del Porto, Administrator of the Estate of Angelina Nicolo, sued to recover into her estate real properties in Magna, Utah, to which she had made deeds to her son, defendant Tom Nicolo, prior to her death. Plaintiff made the contentions com-

mon to such cases: that the deceased was lacking in capacity to make the deeds; that they were procured by fraud, and/or duress and undue influence; that the deeds were never delivered; and that if they were, the intent was not to convey title to defendant, but he was to hold the property in trust for his parents and their estate. After a trial of five days, the court made findings contrary to each of those contentions and entered judgment for the defendant. Plaintiff appeals.

■ It is true, as plaintiff asserts, that this action to avoid deeds is one in equity upon which this court has both the prerogative and the duty to review and weigh the evidence, and to determine the facts.[1] However, in the practical application of that rule it is well established in our decisional law that due to the advantaged position of the trial court, in close proximity to the parties and the witnesses, there is indulged a presumption of correctness of his findings and judgment, with the burden upon the appellant to show they were in error; and where the evidence is in conflict, we do not upset his findings merely because we may have reviewed the matter differently, but do so only if evidence clearly preponderates against them.[2]

The deceased Angelina Nicolo, and her husband Louis Nicolo were Italian immigrants. Through industry and frugality they had reared their family of three children and had acquired ten pieces of real property, including a number of rental units, having an aggregate value of about $81,000. After the death of the father, the defendant Tom worked with the mother in maintaining and managing the properties. She died July 25, 1968, at the age of 83 years. Ten days thereafter Tom recorded four deeds which conveyed his parents' properties to himself. The first of these deeds, which conveyed the family home and a duplex, was made in 1957. At the request of Mrs. Nicolo, attorney Clarence Williams, who had done legal work for them over a period of years, prepared the deed at their request, brought it to their home, where it was duly executed, notarized by Mr. Williams, and delivered to Tom in his presence. The same procedure was followed with respect to the next deed, dated February 8, 1968, by which the mother, Angelina Nicolo, then a widow, conveyed the principal portion of the remaining Nicolo property to Tom, including two duplexes, a house and a vacant lot. The other two deeds, of lesser interests in property as mentioned below, were also prepared by Mr. Williams and duly executed by Angelina Nicolo.

1.  Utah Const., Art. VIII, Sec. 9, providing for appeals says: " . . . in equity cases the appeal may be on questions of both law and fact; . . . "

2.  See Barker v. Dunham, 9 Utah 2d 244, 342 P.2d 867; Wiese v. Wiese, 24 Utah 2d 236, 469 P.2d 504.

The position essayed by the plaintiff is that the deeds were never effective as conveyances for the reasons stated at the beginning of this opinion, including that they were never delivered but that they remained in the possession of Angelina Nicolo until after her death when the defendant Tom took two strong boxes in which she kept her values from her home. The defendant's position is that his mother had in fact delivered them to him; that he kept them in his own strong box under his bed at home; and that for his own reasons, including his desire to guard against the possibility of any difficulty developing for his mother over the property, he did not record them until after her death.

From a plenitude of conflicting evidence, coming from 21 witnesses, the trial court chose to believe the defendant's version. He made findings that all of the deeds were made by Angelina while she was competent, and not under any fraud, duress or undue influence; that they were all properly delivered, and that there was no intent to create a trust for the other heirs. There is ample basis in the evidence to support those findings.

The plaintiff assigns as error the trial court permitting defendant Tom Nicolo to testify to certain facts concerning the property, and the deeds, which occurred in the presence of his mother. Reliance is placed on Sec. 78–24–2, U.C.A.1953, referred to as the "Dead Man's Statute," which provides that the following persons cannot be witnesses:

\*    \*    \*    \*    \*    \*

(3) A party to any civil action, . . . and any person directly interested in the event thereof, . . . as to any statement by, or transaction with, such deceased, . . . or matter of fact whatever, which must have been equally within the knowledge of both the witness, and such . . . deceased person,
.  .  ..

Preliminarily, this should be said about that statute. We have heretofore recognized that it has the salutary purpose of protecting the estate of a deceased person against a claim which might be spurious and which the deceased person, if alive, would be able to refute. However, we have also pointed out that inasmuch as in many instances its effect may well be to suppress inquiry into the truth, rather than to assist in its discovery, it should be strictly construed and applied.[3]

For reasons stated below, it would serve no useful purpose to set forth all of the details and decide the nicety as to whether the trial court was correct in allowing the statements complained of. This is true because the issue raised as it pertains to the facts of this case can fairly and prop-

---

3. See Maxfield v. Sainsbury, 110 Utah 281, 172 P.2d 122; Cook v. Gardner, 14 Utah 2d 193, 381 P.2d 78.

erly be disposed of by the following observations. Most of the defendant's testimony concerning his receiving the deeds (some of which was in the presence of other witnesses), and what he says he did with them in keeping them in a strong box under his bed, and the other evidence concerning his possession and his later recording of the deeds, and his reasons therefor, are not of the class of facts "which must have been equally within . . . [his] . . . knowledge" and that of the "deceased person," his mother. The other statements which are challenged as improper concerning the deeds touched upon matters relating to only two of the deeds: one which corrected descriptions and cleared up a conflict with the county road, and another which conveyed property in which there was only a remaining equity interest, because it had been sold under a real estate contract.

■■ The more important and controlling observation about the issue under discussion is that, if we assume that an error was made, it was but a technical one which could not properly be regarded as reversible error. Where the trial is to the court, the rulings upon admissibility of evidence are not required to be so strict, nor are they of such critical importance as where the trial is to the jury. This is so because it is assumed that the trial judge has superior knowledge as to the competency and effect which should be given evidence, and that he will make his findings and decision in conformity therewith.[4]

■ To be considered along with the foregoing is this further proposition relative to errors which are assigned in attempting to reverse a judgment: the inquiry is not merely whether some error may have been committed. It is whether there was any error of a sufficiently substantial nature that it is reasonable to believe that it adversely affected the appellant or deprived him of a fair trial in such a way that in the absence of such error there is a reasonable likelihood that the outcome would have been different.[5]

■ That inquiry must be answered in the negative here. It is plainly apparent from the record that even if some of the testimony of defendant Tom Nicolo concerning the making and the delivery of the deeds may have intruded within the restriction of the "Dead Man's Statute," a fair evaluation of the questioned evidence,

4. See Ogden Iron Works v. Industrial Comm., 102 Utah 492, 132 P.2d 376; Super Tire Market, Inc. v. Rollins, 18 Utah 2d 122, 417 P.2d 132; and see also 5A C.J.S. Appeal and Error § 1715; and McCormick on Evidence, p. 137 and authorities therein cited.

5. See Crellin v. Thomas, 122 Utah 122, 247 P.2d 264; Jensen v. Logan City, 89 Utah 347, 57 P.2d 708.

in conjunction with all of the other evidence in the case, impels the conclusion that it could not fairly be supposed that it had any substantial persuasive effect upon the findings made by the trial court, or that there is any reasonable likelihood that without that evidence there would have been a different result.

Affirmed. Costs to defendant (respondent).

CALLISTER, C. J., and TUCKETT and HENRIOD, JJ., concur.

ELLETT, J., concurs in the result.