In the Matter of the ESTATE of Edward W. SHARP, Deceased.

Appeal of Florence S. POWELL.

No. 13779.

Supreme Court of Utah.

June 25, 1975.

K. Roger Bean, Bean, Bean, Smedley & Starkweather, Layton, for appellant.

Marlin K. Jensen, Jensen & Froerer, Jack A. Richards, Ogden, for respondent.

*MAUGHAN, Justice:*

The court below disposed of two parcels of real property involved in the estate of Edward W. Sharp, deceased. On appeal is the judgment of the court, challenged by one of the daughters of the deceased, Mrs. Florence Powell. Statutory references are to U.C.A.1953, as amended.

Mrs. Ethel Thompson, another daughter of the deceased, filed a petition with the court claiming purchase from her deceased father, and adduced evidence which, in the court's mind, sustained her petition; and the court ordered conveyance. Mrs. Louise Blanch, another daughter of deceased, prior to her death had filed with the court her petition claiming conveyance from her father of the second parcel of realty here under consideration. The estate of Mrs. Blanch is currently in probate. Mrs. Florence Powell, (the occupant of the Blanch parcel since 1962, making substantial alterations and repairs) claiming as the successor in interest to Mrs. Blanch, also filed a petition with the court requesting conveyance to her of the seven-tenths acre comprising the Blanch parcel. The court denied the petitions of Mrs. Blanch and Mrs. Powell, thus remitting the seven-tenths acre to the estate as an asset.

Mrs. Powell, hereafter also appellant, seeks reversal of the lower court's judgment disposing of both parcels; and assigns three points of error. These will be treated in the order given them by appellant.

Appellant contends that the trial court improperly admitted evidence barred by 78–24–2(3), the "dead man's" statute; and claims that without this inadmissible testimony there is insufficient evidence to sustain the court's findings. The testimony objected to concerned the transaction wherein Mrs. Ethel Thompson purchased her parcel from her father. For two reasons we cannot agree with appellant's first assignment of error.

First, witness Florence Powell was present and witnessed the contract by which the deceased sold the pasture to Ethel Thompson. Mrs. Powell also admitted that Ethel Thompson had assumed the mortgage, made payments thereon, and had paid the property taxes. Mrs. Powell further conceded Ethel Thompson's rights, under the contract, to purchase the land; and

seemed only to want assurance that the remaining payments be made.

As a witness to the transaction concerning Ethel Thompson's land, Mrs. Powell's testimony is admissible to establish the execution of the contract, and the circumstances then extant.[1]

Secondly, although some of the details to which Ethel Thompson testified may have been inadmissible under 78–24–2(3), there was substantial evidence to sustain the determination of the trial court. Through documentary evidence and expert testimony the contracts of sale were established, the payments to the decedent were proved, as well as the payments to the mortgagee, and the payment of property taxes. In addition, Mrs. Thompson's possession of the property from the date of sale to the present time was established. With reference to the effect of testimony inadmissible because of the "dead man's" statute see Del Porto v. Nicolo, 27 Utah 2d 286, 495 P.2d 811 (1972).

Appellant's second assignment of error contends that the court below erred in treating the petitions of appellant, and Mrs. Thompson, as claims against the estate, stating that the court should have required them to file separate actions against the estate. With that point we are in partial agreement.

The trial court determined that the claim of Mrs. Blanch (through whom Mrs. Powell claims) was filed more than one year after the time for presenting claims had passed, as fixed by the notice of creditors. The petition of Louise S. Blanch (which the court denominates as a "claim") asserted that the property was sold to her by Edward W. Sharp, as evidenced by a written document executed February 17, 1945. It further asserted that she had occupied and exercised complete dominion over the premises from and after February 17, 1945; and that the court should order the administrator to execute and deliver to her a suitable conveyance.

1. Cook v. Gardner, 14 Utah 2d 193, 381 P.2d 78 (1963).

This was a petition for specific performance of a contract to convey real estate, and fell squarely within the provisions of 75–11–26. The statutory provisions found in 75–9–4, concerning creditor's claims and the time limitations thereof do not apply to a petition for specific performance.

In Bancroft's Probate Practice[2] it is said:

> . . . that equitable claims for relief beyond the money judgment, such as for enforcement of liens or trusts or for enforcement of rights in specific property are not "claims" within the usual statutes.

This problem has been dealt with by other courts, and we make reference to two. In the matter of Ashbauth v. Davis,[3] the court, dealing with a statute similar to our own, said:

> As early as 1886 this court held that the term, "claim" does not include causes of action purely equitable, and in which purely equitable relief is sought.

See also In re Bailey's Estate, 42 Cal. App.2d 509, 109 P.2d 356 (1941).

■ The term "claim" found in 75–9–4 does not include a claim for specific performance, but refers to debts or demands against the decedent which might have been enforced in his lifetime, by personal actions for the recovery of money; and upon which only a money judgment could have been rendered. Here, both Mrs. Thompson and Mrs. Powell are not claiming as creditors, but seeking specific performance of contracts to convey property which they claim as their own, thus they cannot be called creditors of the estate.

■ The assertions of appellant that the trial court should have refused to entertain the petitions is not well made. This for the reason there is a complete statutory procedure, for the determination of a claim for specific performance.[4] Under Section 75–11–28 the court was authorized to order the administrator to execute a conveyance.

Section 29 of that statute provides that, upon hearing, if the petitioner's right to specific performance appears doubtful, the court must dismiss the petition, without prejudice to the rights of petitioner, who may at any time within six months thereafter proceed by action to enforce specific performance of the contract.

Louise Blanch filed her petition, prior to her death, and this was before the court. Appellant filed a response to the administratrix's petition for determination of the claim, wherein appellant claimed she was an owner of the land by gift; and at the hearing she asserted that she was a devisee under Louise Blanch's holographic will.

■ The instrument under which Louise Blanch made her claim is as follows:

TO WHOM IT MAY CONCERN:

This is to certify that on February 17, 1945 I have sold to Louise Blanch for the sum of $1.00 (one dollar) all my right and title to the lot on which she now lives containing about one acre more or less discribed [sic] as follows:

Leaving a right of way along the East side for a ditch and a road about twenty feet wide. I also reserve the right to change pipe across road so that it runs straight with said ditch and roadway. It is further understood that all buildings moved on said ground belong to Ralph Blanch and his wife and that they have been leasing said ground for that purpose.

Signed   Edward Sharp

            Edward Sharp

Subscribed and sworn before me this 24 day of November 1945.

            Lucy T. Elliss

(SEAL)          Notary

This instrument conferred an equitable interest in the property on Mrs. Blanch. Her petition asserted her possession of the property. The testimony of Ethel Thomp-

2. Second Edition, Chapter 16, Section 772.

3. 71 Idaho 150, 227 P.2d 954, 957, 32 A.L.R. 2d 361 (1951).

4. 75–11–26 through 75–11–31.

son was that her father had conveyed, or agreed to convey, the subject parcel, with the home on it, to Louise Blanch. The record does not disclose defeat of this instrument, and the grantor could not, unilaterally, by his own fiat, do so.

The pleading filed by appellant, in response to the order of the administrator setting the hearing for the determination of appellant's petition, states that appellant is the successor in interest to Louise Blanch—that appellant inherited the subject property from her sister. Under 75-11-30, either the administrator of the estate of Louise Blanch, or one who has succeeded to the rights of Louise Blanch, under the Blanch contract to convey, may participate in a proceeding for specific performance.

The circumstances here are not unlike those found in Wilson v. Fackrel.[5] In that case the proof showed a completed inter vivos gift of realty; evidenced by a writing. The donee sought a decree directing the administrator to execute a deed to the property. On appeal, the action was remanded to take further evidence to determine if a gift were made and accepted and if so, the donee was entitled to a conveyance.

A daughter of Louise Blanch, and the administratrix of her mother's estate, testified that she knew nothing about the claim her mother filed concerning the property. As representative of her mother's estate, she attempted (apparently for the estate) to disclaim any interest in the subject parcel. This action of the administratrix requires comment here. It is contrary to the duty of an administrator not to take measures to marshall the assets of an estate. This court in In re Burt's Estate[6] so held in conformity with 75-11-3; and an administrator's duty is succinctly set forth in Bancroft's Probate Practice, Second Edition.

§ 349.—Duty of Representative.—One of the first duties of an executor or administrator is that of collecting the assets of the estate. Not only is it within his power to collect and reduce to possession such assets, but he is affirmatively required in most of the states to take into his possession all the estate, both real and personal, and to maintain and preserve it in as good condition as is reasonably possible during administration. . . .

For an unwarranted failure to acquit this duty an administrator is subject to removal, and liability for loss. The court found the Blanch claim to be abandoned (apparently on the disclaimer of the administratrix), the appellant's claim to the property not to have been proved; that the property belonged to the estate of Sharp; and both petitions were disallowed. This was error.

At such a juncture the proper action of the court was to dismiss the claim, without prejudice, thus allowing the petitioner six months within which to file an action for specific performance; which time would commence to run from the effective date of the order to be made by the trial court, to that effect.

The judgment as it refers to the Blanch petition and that of appellant is reversed and remanded with instructions to proceed in consonance with this opinion. Costs are awarded to appellant.

ELLETT, CROCKETT and TUCKETT, JJ., concur.

HENRIOD, C. J., concurs in the result.

---

5. 54 Idaho 515, 34 P.2d 409 (1934).

6. 58 Utah 353, 198 P. 1108 (1921).