Charles E. **PITTS** and Ethel J. Pitts, **Plaintiffs and Appellants,**

v.

Leo **ROBERTS, Defendant and Respondent.**

**No. 14454.**

Supreme Court of Utah.

March 17, 1977.

---

**1.** *Ring v. Ring*, 29 Utah 2d 436, 441, 511 P.2d 155 (1973).

**2.** *Mitchell v. Mitchell*, Utah, 527 P.2d 1359 (1974).

Robert C. Liljenquist, of Bradford, Marsden, Creer & Liljenquist, Salt Lake City, for plaintiffs and appellants.

A. Alma Nelson, of Hanson & Garrett, Salt Lake City, for defendant and respondent.

MAUGHAN, Justice:

Before us is a judgment dismissing plaintiff's complaint, for failure to state a claim.

The action was brought to establish a right to use part of defendant's land, as a roadway. The claim was the alley was a dedicated public way. In the alternative plaintiff sought a prescriptive easement. We sustain that part of the judgment which rules against the dedication claim, but reverse that part denying plaintiff a prescriptive easement. Plaintiff does have a prescriptive easement. No costs awarded.

The alley runs from Concord Street, on the west to Emery Street on the east. Plaintiff's home abuts the south side of the alley and Concord Street. Defendant's home abuts the north side of the alley at Emery Street.

Defendant moved into his newly constructed residence, in June 1971. At that time he observed vehicles using the alley to pass over a portion of his property. He attempted to stop them, by erecting a barricade of trash cans. These the police made him move. He then parked his car in the alley to obstruct the traffic, and was issued a citation.

The location of the alley across defendant's property was established by several witnesses. Plaintiff testified he moved into his home on Concord Street in 1946, and at that time the alley extended the entire distance from Concord to Emery Streets. He said he had used the full extent of the alley for the past 30 years, by traversing it for the greater part of that time in his truck, in connection with his employment; and in his

passenger car, prior to construction of a garage which utilized another entrance and exit. He stated the alley was originally graded gravel; it was paved with asphalt, by the city, sometime between 1952 and 1954. He further testified he had observed other abutting property owners using the alley on a daily basis, for purposes connected with their residence there.

Other witnesses, who had been acquainted with the alley and the abutting properties, for various periods of time up to forty years, generally corroborated plaintiff's testimony. One such witness states he had lived on the block since 1936, and an alley-way between Concord and Emery has been in existence since that time.

▪ The court below ruled plaintiff had failed to establish the strip of land in question to have been dedicated to public use. This ruling was predicated on the finding the only evidence presented was to the effect the use of defendant's land was by abutting land owners, which would be insufficient to show public use. Such a ruling is a correct statement of the law.

▪ An implied dedication will be presumed from continuous use by the public of a roadway, as a public thoroughfare. The use must be public. A use under a private right, viz., an easement whether by grant, implication, or prescription is not sufficient.[1]

For a parameter by which to measure a public use or public thoroughfare, see *Lindsay Land and Live Stock Company v. Churnos*.[2] In this connection it is important to observe the distinction between a person acting to gain a personal easement by prescription, a claim of a personal legal right in a property; and a person using the property of another, believing the public had a right to such use. A claim of public right is necessary to establish a dedication.[3]

---

1. See 27–12–89, U.C.A.1953; *Morris v. Blunt*, 49 Utah 243, 251, 161 P. 1127 (1916); *Peterson v. Combe*, 20 Utah 2d 376, 438 P.2d 545 (1968).

2. 75 Utah 384, 391, 285 P. 646 (1929).

3. See *Gion v. City of Santa Cruz*, 2 Cal.3d 29, 84 Cal.Rptr. 162, 465 P.2d 50, 56 (1970); *Hof-*

In the instant matter, there was no evidence the public had made any use of the passageway across defendant's land. All the testimony concerned the use made by property owners abutting the alley, for their own business and convenience.

■ The situation is different with respect to the claim for a prescriptive easement. The court found plaintiff, by his own testimony, had used the land in question for only 17 years. A careful review of plaintiff's testimony reveals no basis to sustain this finding. Defendant presented no evidence contradicting plaintiff's unequivocal assertions of use for a period of 30 years.

Because this is a matter in equity, this court is permitted to review both questions of law and fact.[4] We will reverse if the evidence clearly preponderates against the findings of the trial court.[5]

To establish a prescriptive easement, a claimant must show an open continuous and notorious use for a period of 20 years. When a claimant has shown such a use has existed peacefully, and without interference, for the prescriptive period, the law presumes the use was adverse.[6]

ELLETT, C. J., and WILKINS and HALL, JJ., concur.

CROCKETT, Justice (concurring, dissenting in part):

I agree that the plaintiff has at least an easement. But I would go further: it is my opinion that the evidence shows incontrovertibly that this is a public way. It has been open to public use since time immemorial (actual testimonies go back to 1936). It was recognized as such a public way by the City, being graded and gravelled prior to about 1952; and at about that time and since has been surfaced with asphalt.

I do not disagree that under appropriate facts, the use by an abutting land owner or owners to go to and from a place certain establishes only an easement. But this was obviously a public way from one public street to another and thus available to all who desired to use it. It matters not that the only persons definitely identified as having used it over the years were abutting land owners, so long as it was open to public and everyone used it who wanted to. There is no indication that anyone objected thereto or interfered therewith until 1971 when the defendant moved in and attempted obstruction of its use. Consistent with the authorities cited in the main opinion, my conclusion is as stated above: that in addition to the prescriptive rights which the plaintiff and other abutters have, this is a public way. See also *Bonner v. Sudbury,* 18 Utah 2d 140, 417 P.2d 646 (1966).

*gesang v. Woodbine Avenue Realty Company,* Ky., 414 S.W.2d 580, 585 (1967).

4. Article VIII, Section 9, Constitution of Utah.

5. *Del Porto v. Nicolo,* 27 Utah 2d 286, 495 P.2d 811 (1972).

6. *Zollinger v. Frank,* 110 Utah 514, 175 P.2d 714, 170 A.L.R. 770 (1949); *Richins v. Struhs,* 17 Utah 2d 356, 412 P.2d 314 (1966).