In the Matter of the ESTATE OF Gertrude Frandsen SHEPLEY, Deceased.

Appeal of Paul J. BARTON, Eran A. Call, Steven G. Wright, Elton Reed Palmer, Jake T. Conklin, William C. Young, Ryan L. Thomas, co-partners dba Frandsen Estates.

No. 17618.

Supreme Court of Utah.

March 17, 1982.

David J. Bird, Richard L. Bird, Jr., Salt Lake City, for appellants.

Elwood Powell, Salt Lake City, for respondent.

HALL, Chief Justice:

Appellants appeal the district court's denial of their petition to require Charles Shepley, personal representative of the estate of the decedent Gertrude Shepley, to reserve funds from the estate for the purpose of paying appellants' attorney fees in a separate specific performance action against the estate.

On November 10, 1979, Charles Shepley, acting as attorney-in-fact for the decedent, agreed to sell certain real property to appellants and signed an earnest money agreement to that effect. The agreement provided for recovery of attorney fees by the prevailing party in any action brought to enforce its terms.

Gertrude Shepley died on December 1, 1979, and Charles Shepley became her personal representative. On February 15, 1980, Shepley published a notice to creditors of the estate as required by U.C.A., 1953, 75–3–801. Appellants submitted to Shepley, in his capacity as personal representative, a Uniform Real Estate Contract which allegedly provided for conveyance of the real property described in the earnest money agreement signed by Shepley. Shepley refused to accept this contract, claiming that its terms differed from those stated in the earnest money agreement. Appellants then brought an action in the Carbon County district court for specific performance of the earnest money agreement.

In the Carbon County action, counsel for decedent's estate raised the question of whether, in the event appellants prevailed in that action, the estate could properly be required to pay appellants' attorney fees as provided in the earnest money agreement. Counsel argued that appellants' right to such attorney fees constituted a "contingent claim" subject to the provisions of U.C.A., 1953, 75–3–803. That statute bars "all claims against a decedent's estate which arose before the death of the decedent, ... absolute or contingent" which have not been presented to the decedent's personal representative or to the probate court[1] within three months of publication of notice to creditors.

In an effort to protect themselves against the possibility that the Carbon County court might deny attorney fees on the basis of the above claims limitation statute, appellants filed a petition in the Salt Lake County district court in which decedent's estate was being probated. Appellants' petition requested that $10,000 be set aside from decedent's estate for the purpose of paying appellants' attorney fees in the event they prevailed in the specific performance action. In the alternative, appellants requested an order extending the time limitation provided in U.C.A., 1953, 75–3–804(2) for contesting the disallowance of claims against the estate.

In arguing their petition to the probate court, appellants advanced several alternative theories as to why section 75–3–803 should not prevent them from receiving attorney fees in the specific performance action. Shepley, in turn, argued several possible grounds for denial of appellants' petition. However, in denying the petition, the probate court did not specify which, if any, of Shepley's theories formed the basis of its decision or whether it agreed with any of

---

1. U.C.A., 1953, 75–3–804 specifies the manner   in which such a claim must be presented.

the interpretations of the probate code which had been advanced by the parties.

Under Rule 52(a) of the Utah Rules of Civil Procedure, the probate court had no obligation to state its findings of fact in deciding appellants' motion. The absence of written findings does not alter the duty of this Court to sustain the trial court's order if we can. do so on any proper ground.[2] We affirm the probate court's decision on the basis that section 75-3-803 does not operate to bar appellants' claim for attorney fees and it was therefore unnecessary for the probate court to protect their right to such fees by granting the petition.

Section 75-3-803(1) provides, in pertinent part, as follows:

All claims against a decedent's estate which arose before the death of the decedent, ... whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract, tort, or other legal basis ... are barred ... unless presented as follows:

(a) Within three months after the date of the first publication of notice to creditors ....

Shepley does not argue that this section bars appellants' specific performance action itself, although that action was filed after the end of the three-month period. On this subject, appellants obtained a ruling from the Carbon County court stating that section 75-3-803 does not require presentation of a specific performance claim within the three-month period.[3] Shepley contends, however, that this ruling leaves unsettled the question of whether attorney fees awarded as part of such a specific performance action are subject to the section 75-3-803 limitation.

In *Forsyth v. Pendleton*, Utah, 617 P.2d 358 (1980), this Court indicated that the right to attorney fees in a specific performance action against a decedent's estate did not depend upon the filing of a claim under U.C.A., 1953, 75-9-4 (as amended 1972), the claims limitation statute in effect at that time. That case, like the present one, involved a claim for specific performance of the decedent's agreement to sell real estate. The Court there noted: "No claim [under section 75-9-4] was filed by plaintiff, nor in spite of defendant's contention, was there any need of such claim being filed." (Footnote omitted.) In remanding the case for further factual determinations on the issue of abandonment, the Court addressed the defendant's claim that attorney fees should not be awarded, directing the trial court as follows:

If it is concluded that there was no abandonment, then the contract is still in force and the contractual provisions which pertain to attorney's fees apply.

The above instruction makes it clear that this Court did not view the plaintiff's failure to present a section 75-9-4 claim as an obstacle to his recovery of attorney fees as provided in his contract with the decedent.

Shepley argues that although the time limitations of the former probate code did not apply to claims for attorney fees incident to specific performance actions against a decedent, the enactment in 1975 of the Uniform Probate Code, which includes the current section 75-3-803, changed this rule. However, Shepley cites no specific language in the new probate code which implies any intent on the part of the legislature to make such a change. The current section 75-3-803 makes no reference to any presentation requirement for such attorney fee claims; nor does it contain any general language which might extend the scope of its application to such claims. U.C.A., 1953, 75-1-201(4), which defines the term "claims," similarly lacks any reference to attorney fees of this nature. This Court can discover no reason to construe the new probate code in such a manner as to subject appellants' claim for attorney fees to a time limitation which does not govern the action

---

2. See *Global Recreation, Inc. v. Cedar Hills Development Co.*, Utah, 614 P.2d 155 (1980); *Jesperson v. Jesperson*, Utah, 610 P.2d 326 (1980); *Allphin Realty, Inc. v. Sine*, Utah, 595 P.2d 860 (1979).

3. See also, *Forsyth v. Pendleton*, Utah, 617 P.2d 358 (1980); *In re Estate of Sharp*, Utah, 537 P.2d 1034 (1975).

giving rise to that claim. We hold that the enactment of the new Uniform Probate Code did not subject such claims to the requirements of section 75–3–803.

Because section 75–3–803 did not operate to bar an award of attorney fees to appellants in their specific performance action, the trial court properly refused to reserve such fees from the funds being probated or to extend the time limit for contesting disallowance of this claim. Having so concluded, we need not consider the remaining arguments advanced by appellants.

Affirmed. No costs awarded.

STEWART, OAKS, HOWE and DURHAM, JJ., concur.