**2017 UT App 231**

## THE UTAH COURT OF APPEALS

GREG TORGERSON,
Appellant,

*v.*

JOSH TALBOT, TEX R. OLSEN, AND ESTATE OF BRET KOUNS,
Appellees.

Opinion
No. 20160759-CA
Filed December 14, 2017

Sixth District Court, Richfield Department
The Honorable Wallace A. Lee
No. 160600010

Michael P. Van Tassell, Attorney for Appellant

Tex R. Olsen, Attorney for Appellees

JUDGE RYAN M. HARRIS authored this Opinion, in which JUDGES
GREGORY K. ORME and DIANA HAGEN concurred.

HARRIS, Judge:

¶1 Appellant Greg Torgerson filed a complaint for declaratory relief against Appellees, alleging that he had the right to lease certain real property (the Property) from the Estate of Bret Kouns (the Estate). The district court dismissed Torgerson's complaint as untimely under the 60-day statute of limitations in the Probate Code that applies to "claims" filed against an estate. Torgerson appeals, arguing that his complaint was not subject to that particular statute of limitations, and therefore not untimely. We agree with Torgerson that his complaint for declaratory relief was not untimely under the Probate Code, and we reject the Estate's alternative argument that the district court lacked jurisdiction to adjudicate Torgerson's complaint. Accordingly, we reverse the district court's order of dismissal.

¶2     A landowner, Bret Kouns (Decedent), died on June 10, 2015.[1] Soon thereafter, his sister was appointed personal representative of the Estate, and initiated probate proceedings (the probate action) in district court to manage and distribute his property. On October 7, 2015, Torgerson filed a "creditor's claim" with the Estate in which he maintained that he was party to a "written lease" between Decedent and himself that he claimed gave him the right to lease the Property through 2017. The Estate determined that Torgerson's putative lease was not legitimate and denied Torgerson's claim on October 9, 2015.

¶3     On March 10, 2016, the Estate filed a petition in the probate action asking the court to authorize its representatives to lease the Property to someone other than Torgerson. The Estate served a copy of this petition on Torgerson by regular mail to his

---

1. Usually, the facts we rely upon in appellate opinions must be taken from the record developed in that particular case, *see Alliant Techsystems, Inc. v. Salt Lake Bd. of Equalization*, 2012 UT 4, ¶ 31, 270 P.3d 441 (stating that "in reviewing the material facts on appeal, we are limited to the facts as provided in the record"), but here we are met with an unusual circumstance in which both Torgerson and the Estate recite a number of facts taken from the record in a separately-litigated case initiated by representatives of the Estate, *In re Estate of Kouns*, Utah Court of Appeals Case No. 20160758-CA. Given that the separate probate action is very similar to this case in terms of its pertinent material facts and parties, that both sides cite extensively to the facts developed in the probate case's record, and that several facts necessary to understanding this case only appear in the record for the separate probate case, we conclude that there is a "compelling countervailing principle to be served" by taking judicial notice of the record in the separate probate case. *See Finlayson v. Finlayson*, 874 P.2d 843, 847 (Utah Ct. App. 1994) (citation and internal quotation marks omitted).

last known address. Torgerson did not respond to the Estate's petition. Instead, on March 24, 2016 he filed a separate "Complaint for Declaratory Relief" in a new action, seeking a judicial declaration that he had the right to lease the Property pursuant to his putative lease. Torgerson's new declaratory judgment action and the Estate's probate action were filed in the same court and were assigned to the same judge.

¶4 A few weeks later, noting that Torgerson had not yet responded to its petition in the probate action, the Estate filed a request to submit the petition for decision. Shortly thereafter, the Estate also filed a motion to dismiss Torgerson's separate declaratory judgment complaint. Later, after oral argument, the district court granted the Estate's probate petition, allowing the Estate to take possession of the Property and lease it to someone other than Torgerson. Subsequently, Torgerson moved for relief from the district court's order in the probate action. The court scheduled a hearing for July 11, 2016, at which time it would entertain oral argument on both Torgerson's motion for relief in the probate action and the Estate's motion to dismiss Torgerson's separate declaratory judgment action.

¶5 Following the July 11, 2016 oral argument, the district court issued a combined order containing its rulings in both cases. In that order, the district court declined to alter its previous decision to grant the Estate's petition in the probate action, and also granted the Estate's motion to dismiss Torgerson's declaratory judgment complaint. In dismissing Torgerson's separate complaint, the court relied entirely on a provision of the Utah Probate Code that states, in relevant part, that "if a claim [against a decedent's estate] is presented . . . no proceeding thereon may be commenced more than 60 days after the personal representative [of the estate] has mailed a notice of disallowance . . . ." Utah Code Ann. § 75-3-804(2) (LexisNexis 1993). Concluding that Torgerson's claim to have a right to lease the Property was a "claim against the estate," and noting that

Torgerson did not commence his declaratory judgment action within sixty days of the Estate's October 9, 2015 denial of Torgerson's initial request, the district court determined that Torgerson's declaratory judgment action was untimely filed and accordingly dismissed it. Torgerson timely appeals the dismissal of his declaratory judgment complaint.[2]

¶6    On appeal, Torgerson contends that the district court erred in determining that his complaint for declaratory relief was untimely. Specifically, Torgerson argues that his complaint for declaratory relief does not present a "claim," as that term is used in the Probate Code's 60-day statute of limitations, and therefore his complaint is not subject to that limitations period.

¶7    "The propriety of a trial court's decision to grant or deny a motion to dismiss under rule 12(b)(6) is a question of law that we review for correctness." *Cruz v. Middlekauff Lincoln-Mercury, Inc.*, 909 P.2d 1252, 1253 (Utah 1996). A district court should grant a motion to dismiss only if it is clear from the allegations that the non-moving party would not be entitled to relief under the set of facts alleged or under any facts it could prove to support its claim. *Hudgens v. Prosper, Inc.*, 2010 UT 68, ¶ 14, 243 P.3d 1275. In reviewing a district court's grant of a motion to dismiss for failure to state a claim upon which relief can be

---

2. Torgerson also separately appealed the district court's decision to grant the Estate's petition in the probate action. Despite the fact that the two cases involve many of the same parties (or their privies) and the same facts, no party moved to consolidate the two appeals. On September 22, 2017, after the parties fully briefed Torgerson's appeal of the probate action, this court summarily affirmed the district court's decision to grant the Estate's petition to lease the Property to a third party. *See* Order of Summary Affirmance, *In re Estate of Kouns*, Utah Court of Appeals Case No. 20160758-CA.

granted, we accept all facts alleged as true, *Osguthorpe v. Wolf Mountain Resorts, LC*, 2010 UT 29, ¶ 10, 232 P.3d 999, and "indulge[] all reasonable inferences" in favor of the non-moving party, *Haik v. Salt Lake City Corp.*, 2017 UT 14, ¶ 7, 393 P.3d 285 (citation and internal quotation marks omitted).

¶8　　To establish that his complaint did not in fact present a "claim" as defined under the Probate Code, Torgerson relies upon *In re Estate of Sharp*, 537 P.2d 1034 (Utah 1975), in which our supreme court held that the term "claim" as used in the Probate Code's statute of limitations "does not include a claim for specific performance, but refers to debts or demands against the decedent which might have been enforced in his lifetime, by personal actions for the recovery of money; and upon which only a money judgment could have been rendered." *Id.* at 1037; *see also Bradshaw v. McBride*, 649 P.2d 74, 77 (Utah 1982) (noting again that "[t]he 'claims' covered under [the limitation provision of the Probate Code] do not include claims for specific performance"). Because Torgerson's complaint for declaratory relief requested that the Estate specifically perform under the terms of a putative lease for real property, Torgerson argues that his complaint presented a "claim for specific performance" and was thus not subject to the Probate Code's short statute of limitations. *See Sharp*, 537 P.2d at 1037 (noting that a petition for an estate to perform under a putative contract to convey real estate was "a petition for specific performance"). In response, the Estate concedes that "[i]t is true [that] an action for specific performance" is exempt from the Probate Code's statute of limitations.

¶9　　We agree with the parties: Torgerson's demand to be allowed to lease the Property pursuant to a claimed lease was a demand for specific performance, and our supreme court has clearly held that demands for specific performance of contractual obligations are not "claims" within the meaning of Section 75-3-804(2). *See id.* Because Torgerson's complaint for declaratory

relief did not present a "claim" as that term is used in the Probate Code, Torgerson's complaint was not subject to the Probate Code's short 60-day statute of limitations, and is therefore not untimely thereunder.

¶10   In its brief on appeal, the Estate mounts a new argument, and invites us to affirm the district court's decision on this alternative ground.[3] The Estate asserts that the declaratory judgment action was nevertheless properly dismissed because "the [d]istrict [c]ourt in the probate proceedings had exclusive jurisdiction over the subject matter," and therefore the district court was "without jurisdiction" to entertain a separately-filed complaint. In support of this argument, the Estate relies on a separate section of the Probate Code that defines a probate court's power and states that a probate court "has jurisdiction over all subject matter relating to" estates of decedents. *See* Utah Code Ann. § 75-1-302(1)(a) (LexisNexis 1993).

¶11   We disagree with the Estate's position, primarily because the statute the Estate relies upon does not indicate that the probate court has *exclusive* jurisdiction over probate-related matters. *See id.* In the absence of specific statutory authority so providing, a grant of jurisdiction over a particular class of cases does not usually amount to a grant of *exclusive* jurisdiction over those cases. *See Mueller v. Allen*, 2005 UT App 477, ¶ 21, 128 P.3d 18 (holding in a family law context that, even though the court that initially granted a divorce has the ongoing ability to enforce and modify the resultant divorce decree, "it does not follow that one who prefers to bring an independent action to assert a claim arising from a divorce decree is not free to do so"); *see also*

---

3. We "may affirm the judgment appealed from if it is sustainable on any legal ground or theory apparent on the record." *Bailey v. Bayles*, 2002 UT 58, ¶ 13, 52 P.3d 1158 (emphasis, citation, and internal quotation marks omitted).

*Dimmitt v. City Court of Salt Lake City*, 444 P.2d 461, 463 (Utah 1968) (holding that "[w]here a court is given and would normally have jurisdiction . . . there would have to be [a] clear and unequivocal declaration of legislative intent to deprive that court of jurisdiction and confer exclusive jurisdiction on" another court). The legislature made no clear and unequivocal declaration of exclusive jurisdiction here. Instead, the legislature has given the district court (acting as the probate court) jurisdiction over all subject matter relating to Decedent's estate, *see* Utah Code Ann. § 75-1-302(1)(a), and has also given the district court "original jurisdiction in all matters civil and criminal," a jurisdictional grant which includes cases based on contracts, leases, and real property, *see* Utah Code Ann. § 78A-5-102(1) (LexisNexis 2012). The former grant of jurisdiction does not abrogate the latter. Accordingly, the district court had jurisdiction to consider both the Estate's probate action and Torgerson's separately-filed declaratory judgment action.

¶12    We therefore reverse the district court's order dismissing the separate complaint for declaratory relief. The district court had jurisdiction over the matter, and the complaint was not untimely under the Probate Code. We remand this matter to the district court for further proceedings consistent with this opinion.[4]

_____

4. Torgerson stated in his brief that the claims in his declaratory judgment complaint "were identical to the claims [Torgerson] made against the Estate in the probate case," and that the court's decision to grant the petition in the probate action "effectively rendered [Torgerson's] Declaratory Judgment Act Complaint moot." However, despite this apparent admission, the Estate does not pursue a mootness argument here. *See* Utah R. App. P. 37(a) (setting forth the parties' "duty" on appeal to "inform the court" in the event that all or part of an appeal has been

(continued…)

(…continued)

rendered moot). Accordingly, we are not asked to consider whether Torgerson's complaint for declaratory relief has been rendered moot by either the completion of the probate action or the apparent expiration of his putative lease. We are also not asked to address the potential applicability of res judicata or collateral estoppel, doctrines that may arguably apply here given this court's summary affirmance of the district court's order disposing of the petition in the probate case. Because the parties have not raised or briefed these issues, however, we leave determination of these and other issues to the district court, upon motion, after remand.